## ERWIN v. LOWRY, Curator.

The law of the forum governs questions of prescription.

The acknowledgment of a debt will interrupt prescription, though such acknowledgment be not made to the debtor.

By the laws of Mississippi, an agreement to postpone the payment of a balance due on a note for a certain period, on the payment of interest on such balance at the rate of ten per cent a year, is usurious, and subjects the party to a forfeiture of all the interest which may have accrued.

APPEAL from the Court of Probates of Madison, *Downes*, J. *Snyder* and *Amonett*, for the plaintiff. *Stacy* and *Sparrow*, for the appellant. The judgment of the court was pronouced by

SLIDELL, J. The plaintiff claims a balance of principal and interest from maturity, due on two promissory notes given by *McNeil*, the drawer, in 1835, for the price, in part, of certain real property situated in this State, and secured by mortgage thereon. The notes matured in January, 1839, and this suit was brought in April, 1844. The first matter to be considered, is a plea of prescription.

It appears that, in the year 1840, this plaintiff obtained in the United States Circuit Court for Louisiana, an order of seizure and sale upon these notes; the plantation was sold under this process; *James Erwin* became the purchaser, and the writ of seizure and sale was credited with $15,683 28, as the nett proceeds of the judicial sale. Subsequently, *Lowry*, as curator of *McNeil's* succession, brought suit against *James Erwin*, to have the nullity of the judicial sale adjudged, and the property restored to the succession, with the fruits and revenues received by the alleged illegal possessor. This suit was sustained, the property was restored to the succession, and *James Erwin* was made liable for the fruits and revenues; upon the amount thereof he was credited, however, with the nett price he had paid at the judicial sale, as having extinguished, *pro tanto*, the mortgage debt of the succession; and there being thus a small balance in his favor, the decree was that a writ of possession should not issue in favor of the curator till he had paid *James Erwin* the amount of the balance. See report of the case, 6 Rob. p. 192. This decree *Lowry* executed, and received possession of the mortgaged property.

The law of the forum governs the question of prescription, and, under our Code, an acknowledgment of the debt interrupts prescription, even though such an acknowledgment be not made to the creditor. Here there was something higher than an ordinary acknowledgment of the existence of the debt in 1840. The credit which *James Erwin* was allowed in that suit, as for money paid for the benefit of the succession, and the judgment rendered in his favor for the balance of account, necessarily involved the existence of the debt at the time of payment. If the debt had not existed as a binding and legal obligation of the succession, *James Erwin* could not have been entitled to a credit for a part payment of it, and therefore the allowance of the credit is a judicial declaration that the debt then existed, and that a payment was made upon it. This judgment in *Lowry* v. *Erwin*, which *Lowry* has executed, coupled with the proceedings by order of seizure and sale in the United States Court, by which the mortgaged lands and slaves were actually seized and sold, and passed into the possession of *James Erwin*, establishes an ample interruption of prescription within five years prior to the institution of the present suit. The case of *Harrod* v. *Voorhies*, 16 La. 254, is not analogous. There the order of seizure and sale was invoked, not as a mere interruption of the prescription of five years, but as a judgment barring the prescription of five years, and subjecting the claim to such prescription only, if any, as applies to judgments. The attempt in that case was to enforce by suit, in 1839, a note upon which an order of seizure and sale had been obtained in 1825. The court held that the note did not merge in the judgment, and that the prescription of five years was still applicable; but the court did not hold that the prescription of five years was not interrupted by the order of seizure and sale, nor was that question at all necessary to be con-

ERWIN
*v.*
LOWRY.

sidered. The date of the institution of suit in that case is stated by the reporter as 1829, but that is obviously a misprint, as may be seen by the context.

The next enquiry concerns a defence of usury, set up against the claim of interest as to one of the notes. This note was payable in Mississippi. On the day on which it would have matured, by agreement of the parties, a partial payment was received, and the payment of the balance of the note was postponed for nine months, the balance to bear an interest of ten per cent per annum. The cashier of the bank in Mississippi made an endorsement accordingly upon the note, of the partial payment and agreement for extension. By the laws of Mississippi, which are offered in evidence, this agreement was usurious, and a forfeiture of all interest accrued. See the case of *Richards* v. *Presler*, ante p. 264, recently decided. This makes a reduction of the judgment necessary.

It is therefore decreed that the judgment of the court below be reversed ; and it is further decreed that the plaintiff recover of the succession of *Alexander McNeil*, deceased, the sum of $,3007 86, with interest on the sum of $1,800 92, part thereof, from the 6th day of July, 1840, till paid, at the rate of eight per cent per annum, and costs incurred in the court below, with mortgage, for the said principal sum and interest and costs, on the property described in the act of sale, whereof a copy is on file, executed before *Felix Bosworth*, parish judge, on the 28th day of January, 1835, by *Henry T. Dawson & Conway B. Nutt*, to *Alexander McNeil* ; the costs of this appeal to be paid by the plaintiff.