## G. F. MUNTZ *v.* THE SUCCESSION OF SAMUEL BROOM.

In a compromise partition of the effects of the succession between the widow and heirs in 1850, the ship C. fell to the heirs. The executor, however, was not discharged. In 1851 the ship was in Liverpool, where she was supplied by plaintiff with patent metal for sheathing, for the price of which this suit was brought. The ship seems to have been sent on this voyage by B. & C., B. being the executor. *By the Court:* Under the circumstances of this case, the executor, in that capacity cannot be rendered responsible for this bill. The plaintiff must be left to his remedy against B. & C. and the heirs who authorized this voyage. The executor, as such, can only be rendered responsible for expenses incurred in the legitimate administration of the succession.

The acknowledgment of the correctness of the account by the captain who contracted for the repairs, withdrew it from the application of Article 3499 of the Code and subjected it to the prescription provided by Article 3508. LEA, J., with whom concurred SPOFFORD., J., dissenting.

It is unjust that the owners should be benefited to the extent of the labor and materials furnished by the plaintiff, without any liablity for a reasonable remuneration. LEA, J., with whom concurred SPOFFORD, J., dissenting.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Jourdan*, for plaintiff and appellant. *Durant & Hornor*, for executor. *D. N. Hennen*, for the heirs.

MERRICK, C. J. It has been held by this court in the case of *Jouanneau, curator*, v. *Shannon*, 4 An. 330, that a steamboat might, after the death of the owner, be employed by those representing the succession, and that they would not be personally responsible for accidents happening in the usual employment of such boat. We do not think that the authority of this case extends to the case before us under the present appeal. *Samuel Broom* died in 1849. *George L. Broom* was appointed his executor. In 1850 a compromise in the nature of a partition of the effects of the succession was made between the widow and the heirs, although the executor does not appear to have been discharged from the further settlement of the succession.

In 1851 the ship Cato, which was left to the heirs in the partition was at Liverpool, in England, where it appears to have been sent by *Broom & Caughlin* on a voyage, which appears to have been made on their account. The plaintiff furnished the master of the ship with sufficient patent metal to sheathe the same, receiving the old copper in part payment. The bill, amounting to £217 17s. 4d., was acknowledged by the master of the ship in the name of *Broom & Caughlin*.

We think, under the circumstances of this case, the executor, in that capacity, cannot be rendered responsible for this bill. The plaintiff must be left to his remedy against *Broom & Caughlin*, and the heirs who authorized the voyage.

The executor, as such, can only be rendered responsible for expenses incurred in the legitimate administration of the succession. After the partition between the widow and heirs, the executors who had been directed by the will to sell the real and personal estate not otherwise disposed of by the same, could not be justified in making voyages with the ships belonging to the heirs on account of the succession. This view of the case renders it unnecessary to express an opinion upon the plea of prescription.

Judgment affirmed.

LEA, J. The plea of prescription in this case cannot be maintained. The acknowledgment of the correctness of the account by the captain who contracted for the repairs, withdrew it from the application of Article 3499 of the Civil Code, and subjected it to the prescription provided by Article 3508. See *Davis* v. *Houren*, 10 Rob., 402.

The evidence shows that the repairs to the vessel were necessary, and that the materials and labor were furnished at current rates. It is unjust that the owners should be benefited to the extent of the labor and materials furnished by the plaintiff without any liability for a reasonable remuneration.

The case of *Jouanneau* v. *Shannon* does not appear to me to be applicable to the facts of this case. It may be remarked, however, that neither in that case nor in the one at bar, was any claim made against an administrator *personally*. This suit is brought against the succession of *Broom*. In that case the issue was between the curator of the succession of *Whipple* (in *his capacity* as such) and a co-proprietor of a vessel. As I understand the ruling in that case, it was determined that where the surviving part owner of a vessel continued to employ her in her usual trade, in the absence of any objection on the part of the proper representatives of the succession, the estate of the deceased part owner would be liable for a contributive share of the cost of necessary repairs to the vessel. Indeed the case is quoted by Mr. Flanders in his work on shipping for the purpose of confirming this very doctrine; and the correctness of this construction is made apparent by the fact that judgment was rendered against the succession of *Whipple* for a proportionate contribution to the cost of the repairs.

So far, then, as the case is applicable to the peculiar facts of this case, it would seem to favor the right of the plaintiff to recover.

My impression, moreover, is that the plaintiff is entitled to recover as for useful and necessary repairs made upon the property of the defendants, by which they have been to that extent enriched. See C. C., Art. 2278.

SPOFFORD, J. I am also of this opinion, and add that the succession might, perhaps, have its recourse over against the heirs to whom the ship fell in the partition.