No. 2112.—JOHN OFFUTT *v.* W. W. CHAPMAN and JOHN McKOWEN. Same *v.* JOHN McKOWEN.

The burden of showing a renunciation of prescription of a promissory note after it has accrued falls upon the holder.

An indorsement of a payment on the note after it is prescribed is not sufficient to interrupt prescription.

The parol testimony of the holder of a promissory note is not admissible to establish the interruption of prescription ; written proof alone is admissible to establish the interruption. Acts of 1858, No. 208, sec. 4.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Posey,* J. *Kernan & Lyons,* for plaintiff and appellant. *Cross & Hardee,* for defendants and appellees.

HOWE, J. These suits were consolidated in the court below. The plaintiff has appealed from a judgment dismissing his claims in both cases.

The first of the suits is brought on the following obligation :

" $1600. Received, Clinton, La., July 14, 1860, of John Offutt, one thousand six hundred dollars, payable on demand.

" W. W. CHAPMAN & CO.
"per L. G. CHAPMAN."

(Indorsed)

" Received of the within one hundred dollars. January 10, 1866.
" JOHN OFFUTT."

This is a promissory note. Parsons on Notes, vol. 1, pp. 23 24, and cases cited.

The second suit is brought to recover the sum of $500 which plaintiff avers to be due from W. W. Chapman & Co. for " money loaned," the defendant, McKowen, being sued as a partner in that commercial firm.

Citations were served in the cases respectively January 12, 1867, and May 8, 1867, and among other defenses the prescriptions of three and five years have been pleaded.

It appears by a comparison of the dates above given that both claims are prescribed. The note had been prescribed upward of five months when the alleged payment was made on account, and the memorandum indorsed on it by plaintiff. The plaintiff was bound, therefore, as to that note, to establish a *renunciation* of prescription, and of this there is no legal evidence. Such renunciation can only be established by written evidence. Laws of 1858, No. 208, § 4.

It will not be seriously contended that the plaintiff can make such evidence for himself by simply writing upon the instrument the receipt which appears to be indorsed upon it. Nor can the parol testimony of plaintiff on the record be permitted to establish a renunciation. The statute of 1858 is positive in requiring the written proof.

The claim for money loaned was prescribed by the lapse of three years. C. C. 3503.

For the reasons given it is ordered and adjudged that the judgment appealed from be affirmed with costs.