## No. 5488.

### M. GOEPPER & SONS VS. CASPAR LUSSE.

The facts that a written demand was made on defendant before suit was brought, that he answered by a general denial, and specially averred in his answer that too much interest was demanded, and it appears that he and his counsel were absent on the trial of the cause, are all corroborating circumstances, and in conjunction with the testimony of one witness, will prove a claim for more than five hundred dollars.

Damages will be allowed for a frivolous appeal.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J.*

*Gabriel Fernandez* for plaintiffs and appellees.

*Hornor & Benedict* for defendant.

The opinion of the court was delivered by

SPENCER, J. This is a suit for the balance of an open account for $861 87, one item of which is for two hundred bags malt, amounting to $822 14, under date October 10, 1873. The defendant was personally cited and answered by a general denial, and a special plea that the account sued upon includes interest upon which interest is claimed.

The defendant and his counsel were absent at the trial. There was judgment for plaintiff for the sum of $851 54, with legal interest from October 17, 1873, the date of closing the account. The judge *a quo* evidently rejected the item $14 93 interest charged in the account. Defendant took a suspensive appeal, and urges as the sole ground for reversal that the item $822 14 is established only by the testimony of a single witness who proves the defendant's acknowledgments of the correctness of the account. This witness, plaintiffs' attorney, testifies that he, on receipt of the account, wrote defendant a letter (a copy of which he

produces and offers in evidence) informing him thereof, and of its amount. That he soon after saw the defendant himself, who said the account was right and just, and that he would pay half of it in a few days and the balance at another stated time. There is annexed to plaintiff's petition, but not formally offered in evidence (so far as the note of evidence shows), what purports to be a telegram from defendant to plaintiffs, of date October 7, 1873, ordering two hundred sacks of malt.

The defendant was personally cited. He answered by a general denial, and a plea that too much interest was claimed. He absented himself from the trial, and made no effort to contradict the plaintiffs' witness by his own or other evidence. The truth of plaintiffs' witness is corroborated by these circumstances, and by the undisputed evidence that the letter was sent to defendant. Defendant's appeal is manifestly frivolous and for delay, and plaintiffs have prayed damages therefor, and are entitled to it.

It is therefore ordered and decreed that the judgment appealed from be affirmed, with ten per cent on the principal amount thereof as · damages for frivolous appeal; and that defendant pay costs of both courts.