No. 9725.

MARY J. ASHBEY VS. JOSEPH N. ASHBEY.

The charge that a plaintiff sues in two capacities that are inconsistent with each other, should be taken advantage by exception. It is too late after judgment and by motion for a new trial.

An acknowledged account is barred only by the prescription of ten years.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

J. S. & J. T. Whitaker and Chas. S. Rice for Plaintiff and Appellee.

A. J. Lewis for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J.　This is a suit on account rendered by the defendant to the plaintiff for moneys received by him as her agent, showing a balance due plaintiff for $5,437.92.

There was a plea of prescription of three years filed by the defendant.

This was overruled.

An answer was then filed which averred payment of the debt.

There was judgment for the plaintiff and the defendant has appealed.

In this Court he insists that the judgment was not in conformity to the pleadings.　That plaintiff sues for herself individually and for her children as natural tutrix indeterminately.

This is not correct.　The language of the petition is as follows: " The petition of Mary J. Ashbey * * natural tutrix of her minor children duly appointed under an order rendered by the late Second District Court," etc.　The judgment was rendered in her favor as tutrix.　It is true that in the body of the petition it is alleged that the defendant " is indebted to her in said capacity and individually," but that allegation does not of itself constitute her a plaintiff in her individual capacity, particularly in view of the plain language of the petition above quoted, in which she clearly sets forth herself as petitioner or plaintiff in the capacity of natural tutrix of her children.

Even if there was inconsistency in the pleadings or the allegations of the petition on this point, it could only have been taken advantage of by an exception in limine, and there was no exception filed.　It was for the first time presented in a motion for a new trial, which was too late.

The plea of prescription was properly overruled.

The account was an acknowledged account, subject to the prescription of ten years.

There is no merit whatever in the defense.

Judgment affirmed.