Statement of the Case.
NICHOLLS, J.
In the application for the writ of review plaintiff declares that the “sole question presented is one of law, viz., whether or not a verbal promise to pay an open account, made before prescription has accrued, is sufficient to interrupt the prescription, which should be answered in the affirmative.” The Court of Appeal divided two to one, and answered this question in the negative, contrary to the decision of the Supreme Court in Utz v. Utz, 34 La. Ann. 752, in which it was held that a verbal acknowledgment of a debt, made before prescription has accrued, would interrupt prescription.
The judgment of the Court of Appeal so referred to has, on application of the plaintiff's, been brought before us for review. It was as follows:
“The plaintiff sues on an account, and is met by the plea of the prescription of three years. The account is on its face prescribed; but the testimony is conclusive that the defendant on several occasions before prescription had accrued verbally promised to pay the debt. The question of law presented is: Does a verbal promise to xiay an account, made before prescription has accrued, interrupt prescription? In the case of Mayer v. Favrot, No. 1,577 of our docket, we had occasion to discuss Act No. 7S, p. 86, of 1888, amending article 3538, Rev. Giv. Code, and stated our conclusions in the following language:
“ ‘The article — that is, the portion pertinent to this issue — originally read: ^‘The following actions are prescribed by three years: * * * That on all other open accounts.”
“ ‘This prescription only ceases from the time there has been an account acknowledged, a note or bond given, or an action commenced.’
“The amendment consisted in striking out the word ‘open,’ and in inserting after the word ‘acknowledged’ the words ‘in writing.’ The jurisprudence under the original article was that an account which had been orally acknowledged was no longer an open, but, a closed, account, and became a personal debt prescribed by ten years. Muntz v. Succession of Broom, 11 La. Ann. 473; Dixon v. Lyons, 13 La. Ann. 160; Byrne v. Prather, 14 La. Ann. 653; Blanchin & Girand v. Pickett, 21 La. Ann. 680; James v. Fellowes, 20 La. Ann. 118; Betzer v. Cole *686 man, 23 La. Ann. 785; Ashbey v. Ashbey, 38 La. Ann. 902.
“In the case of Davis v. Houren, 10 Rob. 402, the Supreme Oourt had occasion to construe articles 3499 and 3500, Civ. Code 1838 (now articles 3534 and 3535, Rev. Civ. Code), containing the same provisions as article 3538, Rev. Civ. Code, to the effect that the prescription ‘ceases from the time when there has been an account acknowledged, a note or bond given, or a suit instituted.’
“The court concluded that a short prescription ceased because a receipt had been given, and that this was acknowledgment which placed the claim upon the footing of any other personal debt. And in answer to the contention that the receipt only interrupted the prescription of the year that was running against his claim, and that the same prescription still applied and must be computed from the date of the receipt, the court said: ‘In the present case the receipt or written acknowledgment of the captain produces, in our opinion, the same effect as an account acknowledged; that is, it takes the debt out of the prescription of one year and places it under the operation of that established by article 3508, Oiv. Code 1838’ (ten years). When the Legislature retained these words in the act of 1888, it must be presumed that it did so with full knowledge of the judicial meaning impressed upon them.
“It is clear that under the language used this prescription (i. e., three years) ceases. It is equally clear that, when it ceases, either another begins or the debt becomes imprescriptible. But as the statutory substitute for the account, whether open or stated, it is reasonable to assume that the charge of prescription occurring is in consonance with the change in the character of the obligation.
“This, giving rise to a personal action no longer enumerated in the shorter prescriptions, falls within the terms of article 3544, Rev. Civ. Code (article 3508, Civ. Code 1838), establishing the prescription of ten years.
“Had the lawmakers intended to destroy existing 'jurisprudence and to prescribe all accounts by three years, without rendition or reservation and however acknowledged, such intention would surely have been unequivocally declared. The purpose would have been accomplished by striking out the word ‘open’ and omitting the rest of the article, and the intention of the latter is therefore conclusive against any such theory.
“I think it more in accordance with reason to assume that the aim of the act was to put an end to the uncertainty so frequently arising as to whether or not accounts had been verbally acknowledged and to provide an exclusive method of proof of acknowledgment. A fair interpretation of the act of 1888 warrants the view that under its terms all accounts are prescribed by three years, whether open, stated, or verbally acknowledged, but that the acknowledgment in writing of an account brings the obligation within the operation of the prescription of ten years.
“See, also, Marcadé de la Prescription, p. 117;
“ ‘Defendant’s contention leads to reductio ad absurdum; for, if it be correct, a note or bond given in settlement of an account would be prescribed by three years.
“ ‘This result must be conclusive in favor of the view that the new prescription arising after the old has ceased depends upon the nature of the obligation given in recognition of the account.’
“"We think that the views just expressed, .carried to their legitimate conclusion, are decisive of the present issue.
“It was the evident purpose of the act of 1888 to establish an exclusive method of arresting the current of prescription on all accounts, to wit, by an acknowledgment in writing. To say that prescription ceases to run only when the account has been acknowledged in writing is equivalent to saying that it continues to run until such an acknowledgment in writing is made. We further venture the opinion that it was the intention of the Legislature to surround accounts with safeguards similar to our statute of frauds (Rev. Oiv. Code, art 2278), and to place the interruption of prescription of accounts on the same footing- as the renunciation of an acquired prescription in the instances mentioned in that article.”
The judgment appealed from maintained the plea of prescription.
Plaintiff urged that, prior to the passage of Act No. 78, p. 86, of 1888, a verbal promise to pay an account, made before prescription had accrued, was sufficient to interrupt prescription. The question before the court is whether the act of 1888 changed the law in that respect. He insists that that act did not change the law affecting the “interruption of prescription”; that it was only intended to amend article 3538, which article (article 3538) did not and does not refer to or bear upon the subject of the “interruption” of prescription; that it cannot be disputed that before the act of 1888 a verbal promise to pay did interrupt prescription. It was so decided in Utz v. Utz, 34 La. Ann. 754. He contends that, had the act of 1888 said that the prescription of three years only ceased “to run from the time when there had been an account acknowledged in writing, a note or bond given, or an action commenced,” the situation would have been different from what it actually is; but these *688 words appear in neither the act of 1888, nor article 3538 as amended. He maintains that article 3538 means that this prescription of three years only ceases “to apply” from the time that there has been an account acknowledged in writing, etc.; and it might be correctly added:
“That the prescription [of three years] continues to apply after a verbal acknowledgment, but runs anew from such acknowledgment. He maintains that the act of 1888 meant only to limit the manner in which an account subject to a prescription of three years should be altered in order to be placed upon the footing of any other personal debt subject to only a prescription of ten years.”
Counsel say:
“Before the passage of Act No. 78, p. 80, of 1888, there was a constant wrangle going on as to whether an account sued on was an open one, and prescribed by three years, or an acknowledged one, and prescribed by ten years. In order to do away with this uncertainty the act was passed making all accounts prescribe in three years unless acknowledged in writing. It was never intended to amend the article 3520, Civ. Code 1S38, relative to ‘the interruption of prescription.’ The principle laid down in Utz v. Utz, 34 La. Ann. 752, is still in force and effect.
“Article 3538 applies to the character of the accounts to which the three-year prescription is applicable, while article 3520 refers to the interruption of prescription. The former article was intended to prevent the shifting of the prescription of three years applicable to actions of account (to that of the prescription of ten years) by the simple verbal acknowledgment of the account, or a verbal promise to pay the same.”
“This is what the Supreme Court held in Sleet v. Sleet, 109 La. 302, 33 South. 322, the syllabus of which is as follows: ‘The change in the law made by the act of 1888, amending and reenacting article 3538 of the Revised Civil Code, consists in applying the prescription of three years to accounts stated or rendered and verbally or tacitly acknowledged, as well as to open accounts to which it had previously applied.’
“To hold otherwise would be to hold that the Legislature in amending article 3538, Civ. Code, repealed article 3520 by implication.
“The account sued upon in this case is an open account, preserved in its character of a valid, legal, and binding account by numerous repeated and continuous promises to pay, no two of which were sufficiently far apart to allow prescription ever to run.”
Counsel refer the court to 2 La. Ann. 314, 40 Am. Dec. 545, Erwin v. Lowry; 3 La. Ann. 324, Succession of Harrell; 28 La. Ann. 449, Crone v. Citizens’ Bank; 30 La. Ann. 496, Boullt v. Sarpy; 31 La. Ann. 592, People’s Bank v. Girod; 34 La. Ann. 752, Utz v. Utz; 43 La. Ann. 372, 9 South. 44, Bank v. Evans; 108 La. 492, 32 South. 379, 58 L. R. A. 408, Succession of Slaughter — as showing that parol evidence is sufficient to inter-rupt prescription, while Offutt v. Chapman, 21 La. Ann. 293, and Duncan v. Duncan, 29 La. Ann. 829, are recited as showing that for the renunciation of prescription the rule is different. They also refer to Muntz v. Succession of Broom, 11 La. Ann. 472; James v. Fellowes, 20 La. Ann. 116; Blanc v. Scruggs, 26 La. Ann. 208.
Opinion.
The case of Utz v. Utz, 34 La. Ann. 752, which is referred to, was decided before the statute of 1888 was enacted, but many years after the passage of Act No. 208, p. 148, of 1858, whose provisions have been incorporated in the Revised Civil Code as Article 2278. In that case suit was brought upon a promissory note which was on its face prescribed, and prescription was pleaded against it. The holder of the notes sought to prove an “interruption” of prescription by his own testimony. 1-Ie testified to repeated acknowledgments of the debt by the maker, beginning at the first year after the execution of the note, and renewed every year until the filing of the suit in executory process; and other witnesses corroborated his testimony. The court declared that he had proved conclusively a valid and legal interruption of prescription by acknowledgments of the debt- or, by a part payment in 1870, and by acknowledgments made to third persons in 1872 and 1875. The court said it was no longer an open question in our jurisprudence that such acknowledgments, even when made to third persons and not in the presence of the creditor, operated a valid, legal, and *690 binding interruption of prescription, citing Civ. Code Prac. arts. 3519, 3552; 2 La. Ann. 314, 46 Am. Dec. 545, Erwin v. Lowry; and 3 La. Ann. 324, Succession of I-Iarreli. Tbe maker contended that written proof alone Was permissible to show an interruption of prescription, and relied upon the decision of Offutt v. Chapman, 21 La. Ann. 293.
The court held that the decision relied on, which was predicated upon Act No. 208, p. 148, of 1858 (then article 2278 of the Civil Code), did not bear him out, for it treated of an attempt to show by parol testimony of a debt evidenced by writing after prescription had accrued on the note. The court said that a broad distinction existed between acts of a debtor which had the effect of interrupting prescription while it was running, but before it had been reached or acquired, and acts of a debtor having for object to take a debt out of prescription; that in the case then before it the first act of acknowledgment was in 1868, the second in 1870, long before 1872, at which date prescription would have acquired, if not previously interrupted. The judgment sustaining the plea of prescription was reversed, and the holder of the note given a judgment. The title of the act of 1858 makes no allusion to parol evidence in respect to prescription, it being entitled “An act relative to parol evidence in certain cases”; but the certain cases which it dealt with are in its body disclosed to have direct reference to the subject of the “interruption of prescription” and also to that of the “renunciation of prescription.” The language of the act showed plainly wherein it was intended to make the prohibition of receiving parol evidence refer to “interruptions,” and when it was intended to cover both interruptions and renunciations;' for instance, the first clause of the act referred to judgments, sentences, or decrees of court, and declared in respect to them that parol evidence should not be received for the purpose of taking such judgments, sentences, or decrees out of prescription (that is, of working an interruption), or to revive the same after the prescription has been run or been com'pleted — that is, a renunciation of prescription — so the second clause (having reference to parties who-were no longer living) declared that no parol acknowledgment or promise on their part to pay a debt or liability in order to take such-debt or liability out of prescription (interruption of prescription) or to revive the same -after prescription has run or been completed. The fourth clause (renunciation of prescription) has reference to debts or liabilities evidenced by writings other than judgments, sentences, and decrees of court, and debts and'claims brought against persons deceased. In reference to these there is no-prohibition of parol evidence to prove “interruptions,” but there is prohibition of such evidence to establish “renunciations,” when prescription has already run. The prohibition of using parol evidence to establish “interruptions” was expressly limited to the two classes specifically referred to. Outside-of these two classes, the use of parol evidence to establish interruptions of prescription continued to be permitted unaffected by the provisions of the act of 1858. Subsequently to this was enacted Act No. 78 of 1888, which broadened the prescription of three years beyond the accounts mentioned in article 3538, and made that prescription extend to and cover all other accounts. The-last clause of that act uses the following language:
“The prescription only ceases- from the time-when there has been an account acknowledged in writing, a note or bond' given, or an action commenced.”
This changed the phraseology of the article from what it had been before, by adding to-the words “account acknowledged” the words *692 “in writing,” making it read “account acknowledged in writing.”
In the article of the Code Napoleon corresponding to our article 3503 (now article ■3508) the term “compte arrété” was used, and that term was brought over into our-Code; but in the English text the words “account acknowledged” were inserted as being a translation of the same. The exact meaning and effect of that term (so translated) in our Code had given rise to considerable divergence of opinion prior to the act of 1888; some persons holding that accounts whose original characteristics caused them to fall under the three-year prescription ceased to be subject to that prescription if once acknowledged, whether verbally or in writing, and thereby became subject thereafter to the prescription of ten years.
So that a person who succeeded in having the account which he held once acknowledged verbally or in writing could securely rest upon that acknowledgment to keep it alive, freed from prescription, for ten years thereafter. We think the act of 1888 was intended to prevent that result. We do not think it was the intention of the General Assembly to cut off absolutely “interruptions” of prescriptions under the short prescriptions unless the evidence thereof in writing should be produced, while allowing parol evidence to be introduced to establish the interruptions of prescription upon claims or debts •evidenced by writings to which the longer five-year prescription is applicable.
The present decision in no wise departs from that of Sleet v. Sleet, 109 La. 303, 33 South. 322.
Eor the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment of the Court of Appeal herein brought up for review be, and the same is hereby, annulled and reversed, the plea of prescription filed by the defendant is overruled and rejected, the ease is reinstated in the Court of Appeal, and this cause is remanded to that court for further proceedings according to law.
MONROE, X, dissents.