## No. 5733.

## LUDWIG SCHWARTZ & CO. vs. RICHARD SUSSMAN.

### Syllabus.

Oral acknowledgments of open accounts serve only to interrupt the three years prescription, which thereupon *begins to run anew;* but from the time of an acknowledgment in writing said prescription *ceases to run,* and a new and longer prescription begins, to-wit; the prescription of five or ten years, according to the form given to such acknowledgment.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 98,625. Hon. F. D. King, Judge.

S. Wolf, for plaintiff and appellee.

Olivier & Quintero, for defendant and appellant.

Dinkelspiel, Hart & Davey, Caffery, Quintero, Gidiere & Brumby, Attorneys.

His Honor, JOHN ST. PAUL, rendered the opinion a d decree of the Court as follows:

Plaintiffs sue upon a written acknowledgment of debt and promise to pay, executed more than three years before the filing of this suit. Defendant answers that the consideration for which same was given, was an open account, and he therefore pleads the prescription of three years; his said plea being based on the ruling in **Block vs. Papania, 121 La., 683,** which holds according to his contention, that the prescription applicable to an open account, is not changed by the fact of its having been acknowledged, whether orally or in writing, and even though interrupted remains always the same prescription of three years.

We do not thus understand it. As we appreciate that case, it holds no more than that since Act 78 of 1888, p.

— 169 —

86, the oral acknowledgement of an open account only interrupts the three year prescription which thereupon begins to run anew, and that such an acknowledgment has not "the effect of shifting the prescription of three years." There was no question in that case of the effect of an acknowledgement in writing.

And by the very terms of the statute, the three years prescription ceases to run at all from the time the account is acknowledged in writing. Hence it follows that the account when thus acknowledged, becomes either imprescriptible, or subject to some other prescription.

But inasmuch as actions on promissory notes are prescribed in five years, and all other personal actions founded on written obligations are prescribed in ten years, it follows that an account once acknowledged in writing, must be subject to one or the other of these two prescriptions, according to the form given such acknowledgment.

And as the obligation on which this suit is based, is not a promissory note, it results that the only prescription to which it is subject, is the one of ten years.

It is therefore ordered that the judgment appealed from be affirmed.

Judgment affirmed.

Opinion and decree, February 10th, 1913.