No. 2211.
Second Circuit Appeal.

### BENNETT-BREWER HARDWARE CO., INC. v. JOSEPH P. WAKEMAN

(June 13, 1925, Opinion and Decree.)
(Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest — Prescription — Par. 107.
The object of Act No. 78 of 1888 amending Article 3538 of the Civil Code is not to prohibit proof of interruption of prescription of three years on open accounts by parol evidence, but to prevent such evidence, when received, having the effect of shifting the prescription of three years applicable to those accounts to a prescription of ten years. Henry Block Co. vs. Papania, 121 La. 683, 46 South. 694.

2. Louisiana Digest — Prescription — Par. 107.
Act 78 of 1888 amending Article 3538 of the Civil Code changed the law by applying the prescription of three years to accounts stated or rendered and verbally or tacitly acknowledged, as well as to the open accounts to which it had previously applied. Sleet vs. Sleet, 109 La. 302, 33 South. 322.

3. Louisiana Digest — Prescription — Par. 107.
A written acknowledgment of an open account is not necessary to interrupt prescription under Article 3538 of the Civil Code. A verbal acknowledgment by the debtor will suffice. Harman & Stringfellow vs. Legrande, 151 La. 254, 91 South. 726.

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. John A. Williams, Judge.

This is a suit to collect an open account.

A plea of prescription was filed and sustained.

Judgment reversed and case remanded for plea of prescription to be referred to the merits.

Provosty & West, of Alexandria, attorneys for plaintiff, appellant.

Overton & Hunter, of Alexandria, attorneys for defendant, appellant.

ODOM, J. Plaintiff brings this suit to recover $263.59 alleged to be due on open account for merchandise sold and delivered to defendant in the usual course of trade. Plaintiff attached to and made part of its petition an itemized account of the alleged indebtedness, showing items charged thereon in July, August, September, October, November and December, 1919, and in Jan-

uary, February, March, May, June, August, September and December, 1920. Following the items charged in December, 1920, the account shows items charged in June, July and October with no year being shown.

Inasmuch as these charges follow those made in the year 1920, we infer that these were made in the year 1921.

The total charges amount to $322.41.

Following these charges, we find the following credits on the account:

"1919 Oct. By cash_____$35.00
"1920 Mar. Credit mdse._____ 6.12
       Apr. Journal credit_____ 7.00
"1921 Jan. Credit mdse._____ .70
       Jul. Cash _____ 10.00

Total credits _____$58.82"

A balance is then struck showing the amount due to be $263.59.

It seems that on July 14, 1920, plaintiff filed a suit against defendant and we infer on that portion of the account which had been made prior to that date. But. plaintiff subsequently had that suit dismissed as in case of non suit. The present suit was filed November 21, 1923.

On December 28, 1923, defendant filed answer denying article by article the allegations of the petition.

On March 4, 1924, defendant filed the following plea:

"and against plaintiff's demand, and against each and every item of the account sued upon, respondent pleads the prescription of three years, as provided by Article 3538 of the Revised Civil Code, amended by Act 78 of 1888, page 86.

"That defendant files and urges this plea of prescription both upon the face of the papers, upon plaintiff's pleadings and the account annexed thereto, and also upon the merits of this case, under the facts and circumstances to be shown upon the trial hereof."

There was judgment in the lower court reading in part as follows:

"It is ordered, adjudged and decreed by the court that the said plea of prescription be maintained upon the face of the petition and annexed account, and that accordingly plaintiff's demands be rejected for all items on its account prior to July 14, 1920."

The court, after sustaining the plea of prescription on the face of the pleadings and the account attached thereto, then proceeded with the trial of the case on its merits as to all items shown thereon to have been charged subsequently to July 14, 1920. It found that those items aggregated $36.65 and gave judgment in favor of plaintiff for that amount.

Plaintiff has appealed from the judgment.

Counsel for defendant in brief says:

"The position which was assumed by defendant and which was upheld by the trial judge, is as follows:
"That the prescription of three years attached on open account item by item, and as the three-year period reaches each item on the account, that item is barred under Article 3538 of the Revised Civil Code as amended by Act 78 of 1888, and further that in order to interrupt prescription under said Article, the account must be acknowledged in writing, a note or bond given, or a suit commenced."

As we understand the issue before this court, we are to pass only upon the question as to whether prescription on an open account can be interrupted otherwise than by a written acknowledgment. of the account or by the giving of a note or a bond for the indebtedness.

We do not understand that there is any controversy over the question as to whether the prescription of three years applies on open accounts item by item, it being conceded, as we understand it, that each

item on the account is prescribed in three years.

As we understand it, plaintiff contends that prescription on its open account had been interrupted.

Just what testimony it intended to introduce in order to show interruption of prescription on the account we are not informed. However, as the account itself shows certain credits of cash and merchandise, we infer that it proposed to show that there had been payments made on the account which were made in such a way as to interrupt prescription thereof.

And we also note that on the trial of the case on its merits, after the plea of prescription had been sustained, that plaintiff offered to prove that monthly statements of the account had been rendered to the defendant, and we infer from that that it was plaintiff's intention to attempt to prove that the account had become a stated account.

But, as stated above, objection was made to the introduction of testimony to show an interruption of prescription on the account, which objection was sustained by the court; the court holding that there could be no interruption of prescription except by written acknowledgment or a note or a bond given.

We are therefore to determine in this case the one question, whether prescription on an open account may be interrupted in any manner except by written acknowledgment thereof.

It is contended by defendant and was so held by the trial judge that Act 78 of 1888, page 86, amending Article 3538 of the Revised Civil Code, was passed to do away with all kinds of interruption of prescription except written acknowledgments and so on.

We think our learned brother of the District Court was in error in so holding.

It is our conclusion that the act referred to has no reference whatever to the interruption of prescription on open accounts. Chapter 3, Title XXIII, of Book III of the Civil Code deals with the general subject of "Prescription".

Section 3 of that Chapter treats

"Of the Prescription which operates a release from debt."

In that section, beginning with article 3534 and continuing through article 3537, the Code treats "Of the Prescription of one year".

In subsection II, beginning with Article 3538, it treats, "Of the Prescription of three years".

Under subsection III, beginning with Article 3540, it treats "Of the Prescription of five years".

And in another subsection we find the subject "Of the Prescription of ten years".

And in subsection V, we find Article 3548 which refers to "Prescription of thirty years".

We therefore have under the general heading "Of the Prescription which operates a release from debt", the prescription of one, three, five and ten years.

The prescription of one year operates a release from certain debts named in Article 3534 of the Code.

The prescription of three years operates a release from certain debts named in Articles 3538 and 3539.

And likewise the prescription of five and ten years operate a release from the debts named under other articles.

These are different kinds of prescription, in that they each operate a release from different kinds of debt. As, for instance, debts due Notaries, innkeepers, laborers, etc.

Now under the heading "Of the Prescription of three years" we find, in Article 3538, the following:

"The following actions are prescribed by three years:

"That on all ·other open accounts."
"This prescription only ceases from the time there has been an account acknowleged, a note or bond given, or an action commenced."

It was contended by counsel and so held by the court below that the provision that:

"This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given or an action commenced."

means that there can be no interruption of prescription on an account except by written acknowledgment.

This language of the Code is used in connection with a certain kind of prescription —that of three years.

The prescription of three years applies to accounts and, as we understand the Code, it means that this kind of prescription, this three-year prescription, shall continue to apply to debts on accounts unless and until there is a written acknowledgment thereof or a note or a bond given.

The Code does not say nor does it imply that prescription cannot be interrupted except by a writing, etc., but it says "this prescription," that is, the three-year prescription only ceases from the time there has been an account acknowledged in writing or a note or bond given.

If a note is given for the debt, then the three-year prescription ceases to apply and the case is governed by Article 3540 of the Code which treats of the prescription of five years; and if the account is acknowledged in writing, it becomes an acknowledged account and the prescription of ten years, under Article 3545 applies.

The language of the Code found in article 3538:

"This prescription only ceases from the time there has been an account acknowledged in writing"

has no reference whatever to the interruption of prescription.

The identical question here raised was raised and settled in the case of Henry Block Co., Ltd., vs. Papania, 121 La. 683, 46 South. 694.

In that . case the court specifically held the Act 78 of 1888, page 86, amending Article 3538 of the Code was not intended "to cut off -absolutely 'interruptions' of prescriptions".

It has repeatedly been held that a verbal acknowledgment of a debt, whether made in the presence of the creditor or not, interrupts prescription.

It is true, also, that a payment on a debt liquidated and certain, interrupts prescription thereon; the payment ·being equivalent to acknowledgment of the correctness of the account or debt.

We are not informed as to how, or by, what kind of evidence, plaintiff intended to prove that its account was not prescribed; but, as stated above, we infer that it intended to prove interruption by payment and verbal acknowledgment, etc.

The plea of prescription filed in this case was not referred to the merits and tried with the other issues, nor was there any trial of the plea separately from the merits.

The court sustained the plea "on the face of the petition and annexed account". Later, the case seems to have gone to .trial on all items shown on the account to have been charged subsequent to a certain date and that plaintiff offered to prove that monthly statements were sent to the debtor.

This form of proof was met with the objection

"that under the Act of 1888, only written acknowledgments can interrupt prescription of accounts".

This objection was sustained.

Under the ruling of the court, it would have been useless for the plaintiff to offer other proof to show that the account was not prescribed or that prescription had been interrupted unless he had a written acknowledgment of the account or a note which evidently he did not have.

The ruling of the court on this point was clearly erroneous and must be reversed.

Counsel cite the case of Sleet vs. Sleet 109 La. 302, 33 South. 322, and say in brief:

"It is very clear, and we seriously doubt if counsel will deny that the law applicable to three-year prescription as laid down in the Sleet case is, to summarize, that open accounts prescribe item by item as the three-year period reaches them, and this prescription is only interrupted by an acknowledgment in writing, a note or bond given, or an action commenced."

In the Sleet case the syllabus, written by the court, is as follows:

"The change in the law made by Act No. 78 of 1888, amending and re-enacting Revised Civil Code, article 3538, consists in applying the prescription of three years to *accounts stated or rendered*, and *verbally or tacitly* acknowledged, as well as to the 'open' accounts to which it had previously applied." (Italics ours.)

We think the court's meaning is perfectly clear.

What the court held, was, that under the article of the Civil Code, as amended by the Act of 1888, the three-year prescription now applies not only to open accounts, as it always did, but also to accounts which have been verbally acknowledged and accounts which have become "stated accounts" or "rendered accounts". Formerly the ten-year prescription applied to accounts which had been verbally acknowledged and to accounts which had been

rendered to the debtor and not denied or disputed by him.

In other words, while the three-year prescription applies to open accounts; if the open account was verbally acknowledged, another prescription was applicable, that of ten years.

In the Sleet case the court held that under Act 78 of 1888 the three-year prescription continued to apply to accounts stated or rendered and accounts verbally or tacitly acknowledged as well as to open accounts.

So that now if a debtor verbally acknowledged an account to be correct, that account prescribed in three years from the date of the acknowledgment, and not in ten years as was formerly the case.

It is only when there is a written acknowledgment of the account of a note or a bond given that a different prescription period applies.

In the case of Henry Block vs. Papania, *supra*, it was specifically held that the object of Act 78 of 1888 was not to prohibit proof of the interruption of prescription by parol evidence but to prevent such evidence when received, "having the effect of shifting the prescription of three years, applicable to those accounts, to a prescription of ten years"; and in that decision it was stated "the present decision in no wise departs from that of Sleet vs. Sleet, 109 La. 303, 33 South. 322.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from sustaining the plea of prescription on the face of the petition and annexed account and rejecting plaintiff's demand on all items of the account prior to July 14, 1920, be avoided and reversed, that the plea of prescription be referred to the merits, and that the case be remanded and reinstated on the docket of the District Court of the Parish of Rapides

to be tried according to law. And in other respects, the judgment appealed from is affirmed. The costs of the appeal to be paid by appellee. Other costs to await the final judgment.

## ON APPLICATION FOR REHEARING.

REYNOLDS, J. We have read with much interest defendant's able brief for rehearing.

If the intent of the Act 78 of 1888 was before this court as an original question, the decision would be different from that in Block vs. Papania, 121 La. 683, 46 South. 694, or else there would be a decision by a divided court.

However, under this decision we think the jurisprudence is settled as to the manner in which prescription on an open account may be interrupted and this court must be guided by that decision as long as it remains unchanged by the Supreme Court.

In Harman & Stringfellow vs. Legrande, 151 La. 253, 91 South. 726, Chief Justice O'Niell, referring to Block vs. Papania, says:

"The court did answer the question in the affirmative, maintaining that the verbal acknowledgment of the open account had interrupted the prescription of three years. The decision, in my humble opinion, was contrary to the language of the statute of 1888; but we have no occasion for overruling it now, because it is not appropriate to the question presented in this case.

This is clear language and indication that the Chief Justice at least was of opinion that the decision in Block vs. Papania should be reversed; but until that opinion becomes the decision of the court we must be governed by the settled jurisprudence as announced in Block vs. Papania.

For these reasons the application for a rehearing is refused.