## BECKER v. HOLLYWOOD THEATRE et al.
### No. 14755.

Court of Appeal of Louisiana. Orleans.
June 28, 1934.

Waverly A. Henning, of Gretna, for appellant.

Frank H. Langridge, of Gretna, for appellees.

HIGGINS, Judge.

Plaintiff brought this action to recover the balance alleged to be due on the purchase price of a "magnoscope picture screen." Defendants pleaded prescription of three years. The trial judge maintained the plea and dismissed the suit and the plaintiff has appealed.

The record shows that on January 31, 1930, upon defendants' written order, plaintiff sold and delivered the screen for the price of $365 on account of which the defendants, on February 2, 1930, paid the sum of $25 leaving a balance due of $340; that the present suit was instituted on February 18, 1933; and that plaintiff testified that practically every Saturday or Sunday, during the whole year immediately following the sale, he personally called upon one of the defendant partners, who verbally acknowledged the debt and promised to pay it but failed to do so.

Assuming that plaintiff's claim is one which is prescribed by three years, a view most favorable to defendants, but without deciding that issue, let us consider whether or not prescription was interrupted by the verbal acknowledgment and promise to pay the debt by the defendants.

In Bennett-Brewer Hardware Co. v. Wakeman, 2 La. App. 376, it was held (syllabus):

"A written acknowledgment of an open account is not necessary to interrupt prescription under Article 3538 of the Civil Code. A verbal acknowledgment by the debtor will suffice. Harman & Stringfellow v. Legrande, 151 La. 254, 91 So. 726."

In affirming the decision of the Court of Appeal for the Second Circuit, the Supreme Court said (160 La. 407, 107 So. 286, 287):

"The sole inquiry here is whether the prescription of 3 years applicable to accounts may be orally interrupted. * * *

"Under the original article, the jurisprudence was that an account which had been orally acknowledged was no longer an open, but a closed, account, subject to the prescription of 10 years; so that by a mere oral acknowledgment the character of an obligation was changed from an indebtedness subject to only a 3 years' prescription to a personal debt prescribed by 10 years. In Block v. Papania, 121 La. 683, 46 So. 694, this court held that the act of 1888 was enacted to prevent that result; that the parol acknowledgment of an account only interrupts the 3 years' prescription, which thereupon begins to run anew, and that such acknowledgment has not the effect of shifting the prescription of 3 years to a prescription of 10 years. Our re-examination of the question has convinced us of the correctness of that opinion, and we adhere to the views therein expressed. * * *

"Under these codal provisions the mere verbal acknowledgment of an account or a verbal promise to pay the same is sufficient to interrupt the 3-year prescription running against it. It is reasonable to conclude, therefore, that the Legislature, in amending article 3538, did not intend to abrogate articles 3520 and 3551."

In the case of Alexander v. Mayer, 6 La. App. 521, it was held (syllabus):

"A verbal acknowledgment of or promise to pay an open account before prescription has run against it interrupts prescription."

In the instant case the plaintiff testified that one of the partners of the defendant commercial partnership practically every Saturday or Sunday for a whole year following the sale acknowledged the debt and promised to pay it. Defendants did not offer any countervailing proof. In the absence of anything in the record to indicate that the testi-

mony of plaintiff was unreliable or false, we believe it should have been accepted as true. Consequently, prescription was interrupted by the verbal acknowledgment and promise to pay and the plea should have been overruled.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this case be remanded to the Twenty-fourth judicial court for the parish of Jefferson, for further proceedings not inconsistent with the views herein expressed. Defendants and appellees to pay the cost of appeal.

Reversed and remanded.