**WHITE BROS. CO., Inc., v. SHINN.**
No. 16052.

Court of Appeal of Louisiana. Orleans.
April 29, 1935.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellant.

Gaspar R. Bossetta, of New Orleans, for appellee.

LECHE, Judge.

On July 21, 1926, plaintiff, White Bros. Company, Inc., and defendant, Mrs. Bernice Ratcliffe Shinn, signed and entered into the following written agreement:

"This agreement witnesseth: The undersigned, acknowledges as having purchased and received from White Brothers Company the merchandise listed on reverse hereof, on the dates set forth herein, the terms of payment, on the initial purchase being as follows:

"Deposit, 50¢ Payments, 50¢ Each, Weekly on Sat.

"1. It is agreed all installments are to be paid promptly and punctually as indicated by this contract.

"2. It is specifically agreed the merchandise covered by this contract, is not to be disposed of to the prejudice of White Brothers Company, the undersigned recognizing their vendor's lien and privilege.

"3. It is agreed any violation of this agreement on my part, or default in making payments, shall, at the option of White Brothers Company, cause the entire unpaid balance due under the terms of this contract to at once become due and exigible together with 25% attorney fees added in event the contract and account is placed with an attorney or other agency for collection.

"4. This contract states our entire agreement, which no agent has authority to modify or waive. This contract has been read and the undersigned understand it and no alteration or modification, either written or verbal of any terms thereof, exists.

"Signed at (Hem. 4527-W) this 21st day of July, 1926."

On the reverse side of this contract is listed the articles purchased, the dates of said purchases, the sale price, the installments paid, and the balance due.

There is no question that the merchandise was sold and delivered by plaintiff to defendant and that defendant paid the last installment on October 17, 1927, leaving a balance due at that time of $122.50, the amount sued for.

The only defense was a plea of prescription and the learned trial judge, being of the opinion that the prescription of three years was applicable, gave judgment in favor of defendant, from which plaintiff has appealed to this court.

Defendant contends that the prescription of three years, under article 3538, R. C. C., is applicable, in which event there must be judgment in her favor. It is the position of plaintiff that the prescription of ten years, under article 3544, R. C. C., is applicable, which, if true, must result in judgment for plaintiff. The question, then, one of law, is not the interruption of prescription, but under what prescriptive period the case falls. If defendant had purchased the articles from plaintiff without any written agreement or writing of any kind, merely purchasing on credit and paying in installments, it is certain that the prescription of three years would apply under article 3538, R. C. C., but at the time of the purchase plaintiff and defendant signed the agreement above quoted, and, as this written agreement was introduced and filed in evidence, it cannot be ignored.

There are only two categories in which this document can be placed. It is either a written contract for the purchase of merchandise and, if so, is a personal obligation which prescribes in ten years under article 3544, R. C. C., or it is a written acknowledgment of the account, which, under the jurisprudence of this state, changes the prescriptive period from that of three years to that of ten years. There is a difference between the interruption of prescription and the substitution of a new or different prescription. Where there is interruption, the same or original prescriptive period still applies and merely begins to run again from the date of the interruption. But, where there is an acknowledgment of an account in writing, an entirely new prescription is introduced, depending upon the nature of the writing; that is, whether it be merely a written acknowledgment, in which case the ten years' prescription applies, or a promissory note, in which case the five years' prescription would apply. The only difference here would be that if the writing before us be construed as a written contract, the ten years' prescription would apply ab initio, while if it be construed as a written acknowledgment of an account, the prescriptive period of ten years would be substituted for that of three years.

It is our opinion that the writing in this case is a contract duly made and entered into creating a personal obligation, and, therefore, governed by the prescription of ten years under article 3544, R. C. C. Gilmore v. Logan, 30 La. Ann. 1276; Ashbey v. Ashbey, 38 La. Ann. 902; Sleet v. Sleet, 109

825

La. 302, 33 So. 322; Block Co. v. Papania, 121 La. 683, 46 So. 694; Harman & Stringfellow v. Legrande, 151 La. 253, 91 So. 726; Bennett-Brewer Hardware Co. v. Wakeman, 2 La. App. 376; Id., 160 La. 407, 107 So. 286; Philip Werlein, Ltd., v. Forstall, 1 Orl. App. 249; Schwartz & Co. v. Sussman, 10 Orl. App. 169; Holmes Co., Ltd., v. Hiller, 7 La. App. 590; Alexander Hamilton Institute v. Morrison, 8 La. App. 226; Wilmer v. Grand Lodge (La. App.) 142 So. 858.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of plaintiff, White Bros. Co., Inc., and against defendant, Mrs. Bernice Ratcliffe Shinn, in the sum of $122.50, together with legal interest thereon from judicial demand until paid, together with 25 per cent. attorney's fees on all principal and interest and for all costs.

· Reversed.