## John Davis *v.* Nimrod Houren and another.

Where a receipt has been given by the master of a steamer, acting as the agent of the owners, for firewood purchased for the use of his boat, the prescription of one year, established by art. 3499 of the Civil Code, against actions for the supply of wood or other things necessary for the construction, equipment, or provisioning of ships, steamers, or other vessels, will cease to run. Such a written acknowledgment places the claim on the footing of an ordinary personal debt, and subjects it to the prescription provided by art 3508. Where the acknowledgment was tacit, deduced from the acts of the debtor, the nature of the prescription is not changed, but the prescription itself is only interrupted, which will run anew from the date of the interruption.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Larue* and *Preston,* for the plaintiff.

*Wray,* for the appellant.

MORPHY, J. This suit is brought to recover of the defendants, former joint owners of the steamboat Hudson, the value of seventy six and a quarter cords of wood, sold and delivered to them for the use of the boat, in November, 1840. George Heaton, one of the defendants, pleaded the general issue, prescription, and the want of an amicable demand. There was a judgment below in favor of the plaintiff against Heaton, and he appealed.

The prescription relied on by the appellant is that of one year, established by article 3499, this suit having been brought only on the 15th of May, 1843, about two years and a half after the delivery of the wood. The following article, 3500, provides that this prescription takes place, although there may have been a regular continuance of supplies, &c.; and that it ceases to run only when there has been an account acknowledged, a note, or a bond, or a suit instituted. The record shows that, on the

12th of November, 1840, John McMullen, the captain of the Hudson, delivered to the plaintiff a receipt, or acknowledgment in writing, signed by him, for the seventy six and a quarter cords of wood delivered then or before that time, and that this receipt or acknowledgment, was endorsed and approved on the 5th of December, 1841, by Nimrod Houren, one of the part owners of the boat. It is further shown, that the partnership between the defendants was dissolved in the latter part of the year 1840;[*] that the wood, at the time it was delivered, was worth $4 50 per cord; and that an amicable demand was made of Heaton, previous to the institution of this suit.

The appellant's counsel has contended that after the dissolution of a partnership, one partner cannot, by any acknowledgment of a debt barred by prescription, revive the same, and create a new cause of action binding against his co-partner. This, we believe, to be true; but the inquiry is, whether the plaintiff's claim falls within the prescription of one year under the articles above mentioned? We think that it does not. This short prescription ceased, in our opinion, to run from the date of the receipt given by the captain of the boat, who, *quoad hoc*, was the agent of the owner. Although this paper does not contain a statement, or account of the dates of delivery, the prices, &c., it is such a written acknowledgment or settlement for the quantity of wood delivered up to that time, as renders inapplicable the prescription invoked by the appellant, and places the claim upon the footing of any other personal debt. According to the commentators on the articles of the Napoleon Code, corresponding to those above quoted, the short prescription therein established, is based on a presumption of payment. In agreements which are usually made verbally, and in which cash is generally paid, it is not unreasonable to suppose, after a certain lapse of time, that the obligations resulting from such agreements have been satisfied; but this presumption does not exist where the creditor has a title, or written acknowledgment from his debtor. 2 Troplong on Prescription, Nos. 943 and

---

[*] In the latter part of the month of November of that year.

989. The counsel for the appellant contends, that the receipt produced by the plaintiff, only interrupted the prescription of the year that was running against his claim ; that the same prescription still applies, and must be computed from the date of the receipt ; and we are referred to other passages of Troplong, 2 vol. pp. 263, 264. What the author there says, applies to the tacit acknowledgment of a debt resulting from the acts of the debtor. Such an acknowledgment does not change the prescription applicable to the debt ; it only creates an interruption, from the date of which the same prescription begins to run anew. In the present case, the receipt, or written acknowledgment of the captain, who was the agent of the owners, produces, in our opinion, the same effect as an account acknowledged ; that is, it takes the debt out of the prescription of one year, and places it under the operation of that established by article 3508 of the Civil Code.

*Judgment affirmed.*