ELIZABETH DIXON, Administratrix, v. MARY E. LYONS, Tutrix.

An account cannot be considered an "open account," and as such prescribed by three years, under section 2 of the Act of March 5th, 1852, where it was signed and rendered by the debtor, with a statement in detail of its debtor and creditor items.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.
*Bowman & Delee*, for plaintiff and appellant. *J. B. Smith*, for defendant.

SPOFFORD, J. The plaintiff sued for the balance due her by Z. S. *Lyons*, according to an account rendered and signed by himself.

This account was stated and signed by *Lyons* on the 3d May, 1850. The answer in this case was filed on the 12th April, 1856.

The prescription of one and three years was pleaded by the defendant, and is the only defence relied upon, the first answer having been withdrawn. The jury rendered a verdict "for the defendant upon the plea of prescription."

From a judgment pursuant to this verdict the plaintiff has appealed. If there was error in sustaining the plea of prescription it is apparent upon the record.

By the Act of March 5th, 1852, (p. 90,) "relative to prescription," it was declared (sec. 1) "that the accounts of retailers of provisions and liquors, and the accounts of all merchants, whether selling by wholesale or retail, within this State, shall be prescribed by the lapse of three years, from the time the articles charged shall have been furnished to the purchaser; Provided, the above shall not apply to retail vendors of ardent spirits in less quantities than one quart.

Sec. 2. *That the prescription of all other open accounts, the prescription of which is ten years under existing laws, shall be prescribed by three years.*"

The English text of this statute governs. *State* v. *Ellis*, 12 An., 392. The only question then is, can the account sued upon be considered as an "open account?" Clearly it cannot. It was not only stated in detail in all its debtor and creditor items, but signed and rendered by the party whose representative is now sued, to the party suing.

The Code itself, under the heads of the prescription of one and of three years, provided that prescriptions there enumerated ceased to run, from the time there has been an account acknowledged—(*compte arrêté*.) C. C., 3500, 3503.

There is an obvious clerical error in the addition of the items on the credit side.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed; and it is now ordered and decreed, that there be judgment in favor of the plaintiff against the defendant for the sum of three hundred and four dollars and fifty-four cents, with five per cent. interest thereon from judicial demand until paid, and the costs of suit in both courts.

MERRICK, C. J., recused himself.