No. 723.—BLANCHIN & GIRAUD v. C. C. PICKETT et als.

An account stated and closed by the written acknowledgment of the other party, is only pre-scribed by ten years. 14 An. 654; 20 An. 116.

Interrogatories that have not been answered on or before the trial, will be taken as confessed, where there is no order of court requiring the defendant to answer in open court.

An administrator is bound to answer interrogatories propounded to him in a suit against the estate he represents.

Personal service of interrogatories on the party interrogated is not required. C. P. 187.

APPEAL from the District Court, parish of St. Landry. *Porter, J Dupre & Garland,* for plaintiff and appellee. *John E. King* and *G. W. Hudspeth,* for defendants and appellants.

HOWELL, J. The defendants are sued as owners of a steamboat for the amount of an account. The defense is a general denial, with a special denial by one of the defendants, T. C. Anderson, of his owner-ship, and by another that he notified one of the plaintiffs not to give credit to the said steamboat as he would not be responsible for the debt, and they all plead the prescription of one, two, three, four and five years.

By an amended petition interrogatories on facts and articles were propounded to all the defendants, which, on the day of trial, were taken as confessed, except as to defendant Anderson, and upon the introduction of further evidence, judgment was rendered against the other defendants, who have appealed.

The prescriptions pleaded do not apply, as the account is not open, but closed by the written approval of C. C. Pickett, the captain of the boat, and is prescribed by ten years. 14 A. 654; 20 A. 116.

It is objected that the interrogatories were erroneously taken as confessed, because—

*First*—There was no order of court to answer. This was not necessary, as the defendants were not required to answer in open court. 11 A. 173; 14 L. 260; 10 L. 546; 7 L. 522.

*Secondly*—Because a failure, by one of the defendants, Hudspeth, sued as administrator, to answer, could not bind the estate. We know of no law to sustain this position. It has been held that interrogatories may be propounded to an executor (6 M. 730), and an administrator is no more exempt. The latter is presumed to know the property belonging to the estate administered by him.

*Thirdly*—Because the service, on two of the defendants, Pitro and Pickett, was constructive and not personal, and as to them, the judgment is erroneous.

The service upon each was made in conformity to article 189, C. P. A *personal* service is not required. The case in 2 A. page 11, does not hold that personal service is necessary, but that a special notice of the order (where one is required), and of the day fixed for answering, must be given to the party interrogated, and that a notice to answer on the day of trial, without specifying the day, is insufficient. This authority does not apply to the case at bar.

We find no error in the judgment.

It is therefore ordered that the judgment of the District Court be affirmed with costs.

Rehearing refused.