FRUGÉ, Judge.
Plaintiff lumber company sued Boutte, a building contractor, in the district court for the price of lumber and materials sold to defendant in 1961. The defendant filed a plea of prescription of three years which was upheld by the trial court, and plaintiff has appealed. The facts in this case were the subject of earlier litigation before this court.
Boutte, a building contractor, owed Mixon Lumber Company $1,066.92 for lumber and materials sold to Boutte on open account and used by him on the Eugene Migucz house in Pesson Subdivision in *166 New Iberia. While this debt remained unpaid, Boutte contracted with one Roy Har-grave to construct a house for Hargrave. The costs of construction were to be financed by a loan obtained by Hargrave from the Iberia Savings and Loan Association. The Association was to pay the defendant contractor by check as the work progressed on the Hargrave house. Pursuant to this agreement, Boutte, on June 16, 1961, furnished the Association with an affidavit requesting that the Association disburse by check $1,066.92 as a partial payment to T. E. Mixon Lumber Company for materials used on the Hargrave house. Relying upon this affidavit, the Association issued its check dated June 16, 1961, payable to the order of Roy Joseph Hargrave, Ossay J. Boutte and the T. E. Mixon Lumber Company, Inc., for that amount. Boutte procured Hargrave’s endorsement on the check, added his own endorsement, and delivered the check to the Mixon Lumber Company.
Since the only account which Boutte had with the lumber company was for the Miguez house, the company cashed the check, and credited the open account on the Miguez job as fully paid. The facts came to light when Boutte, overcome by financial difficulties, defaulted on the Hargrave job leaving the house unfinished. Hargrave subsequently filed suit in the district court against T. E. Mixon Lumber Company to recover the sum of $1,066.92, contending that the money was paid by mistake since the lumber company had furnished no materials on the Hargrave house. The district court rejected Hargrave’s arguments, but in the case of Hargrave v. T. E. Mixon Lumber Co., 143 So.2d 264, La.App. 3 Cir., 1962, this court reversed the district court and rendered judgment against the lumber company. Rehearing was denied and the judgment became final on August 27, 1962. Ossay J. Boutte was not made a party to that suit.
On December 2, 1965, the lumber company instituted the present suit to recover from Boutte the amount due on the original open account, $1,066.92. To this demand the defendant filed two exceptions: first, of no right and no cause of action, alleging that the defendant had been discharged in bankruptcy on the 13th of September, 1961, and, second, of the prescription of three years as provided by Civil Code Article 3538. The trial judge overruled the first exception, stating in his reasons for judgment that no proof of a discharge in bankruptcy could be found in the record. We have examined the record with care and, finding no evidence which could support such a plea, agree that the ruling of the trial judge on the first exception was correct.

Plea of Prescription

The trial judge ruled that the plaintiff’s claim against the defendant was barred by the three year prescription provided by Louisiana Revised Civil Code Article 3538:
“The following actions are prescribed by three years:
*******
“That on the accounts of merchants, whether selling for whoesale or retail.
***** if: *
“This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.”
The judge a quo was of the opinion that, although Boutte’s endorsement and subsequent delivery of the check to Mixon Lumber Company constituted an acknowledgment of the debt due on open account, that aclcnowlegment served only to interrupt the running of prescription and since more than three years had elapsed since the interruption, the obligation was again subject to the bar of Article 3538.
The plaintiff contends that Boutte, by procuring, endorsing, and delivering to *167 Mixon a check made out for the exact amount due on his open account, thereby-executed a written acknowledgment of that account, thus substituting the ten year prescription on personal actions provided by Civil Code Article 3544[1]. White Brothers Co. v. Shinn, 160 So. 823 (Orl.App., 1935) ; Nahigian, Inc. v. Haddad, 205 La. 1009, 18 So.2d 598 (1944); and Service Parts Co., Inc. v. Culpepper, 142 So.2d 498 (La.App. 2 Cir., 1962).
Qearly, the plaintiffs position is not without merit, for under the jurisprudence of this state when a debtor gives a written acknowledgment of his debt due on open account, the prescription of three years “ceases” and a new and longer prescriptive period is thereby substituted. See La.Rev. Civil Code Art. 3538 (last paragraph) ; Henry Block Co., Ltd. v. Papania, In re Henry Block Co., Ltd., 121 La. 682, 46 So. 694 (1908) ; Hotard v. Fleitas, Inc., 67 So.2d 345 (Orl.App., 1953); W. T. Rawleigh Co. v. Thrasher, 153 So. 719 (La. App. 2 Cir., 1934); Harman & Stringfellow v. Legrande, 151 La. 253, 91 So. 726 (1922); Puritan Chemical Co. v. Vernon Parish Police Jury, 178 So. 888 (La.App. 1 Cir., 1938); see also Comment, 14 Tul.L. R. 430.
Following the doctrine established by these authorities, we feel that the correct prescriptive period to be applied to Mixon Lumber Company’s claim is the ten year period provided by La.Rev. Civil Code Art. 3544, and not the three year limitation of Art. 3538.
For the foregoing reasons, the trial judge’s ruling sustaining the defendant’s plea of prescription is reversed and the case is remanded for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.

. “In general, all personal actions, except those before enumerated, are prescribed by ten years.” La.Ret.C.C. Art. 3544.