GARDINER, Judge.
Plaintiff, Bertney J. Ragas, doing business as owner and operator of a service station known as Orange Grove Service Station, brought suit on December 11, 1964, against defendant, Charles Mistich, to recover an alleged indebtedness amounting to the total sum of $375.00, due for services rendered and merchandise furnished defendant, which account it is alleged defendant acknowledged in writing on May 7, 1958. The written acknowledgment is attached to the petition. Defendant filed a plea of prescription alleging: “That, under Article 3538 of the Civil Code of Louisiana, an action for Payment of Accounts prescribes three years from the date of said act. That on May 7, 1958, the alleged debt is claimed by Plaintiff to have been made by Defendant and that petition was not filed until December 11, 1964; * * The lower court maintained the plea of three years and plaintiff appealed.
The trial judge gave no reasons for judgment, and although defendant was represented by counsel in the lower court, he neither appeared nor filed a brief on this appeal. The district judge evidently concluded that plaintiff’s claim is barred by the prescription of three years under LSA-C.C. art. 3538, the pertinent portions of which are as follows:
“The following actions are prescribed by three years:
* * *
“That on the accounts of merchants, whether selling for wholesale or retail.
“That on accounts of retailers of provisions, * * *.
“That on all other accounts.
“This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.”
(Italics ours)
*675 The acknowledgment, which is attached to plaintiff’s petition, is written on plaintiff’s sales slip and is dated May 7, 1958. It is signed by defendant, as shown below:

The basis of plaintiff’s contention is that the notation written on the sales slip is an acknowledgment in writing of the services rendered by him and of the amount due by defendant and that the prescriptive period on the debt is thereby changed from three years to ten years, which is the prescription applicable to personal accounts provided by LSA-C.C. art. 3544. See T. E. Mixon Lumber Company v. Boutte, La.App., 191 So.2d 165, and White Bros. Co. v. Shinn, La.App., 160 So. 823.
 It is clear that under Article 3538 the prescription of three years ceases from the time there has been an acknowledgment in writing. Appellant relies upon the case of Hotard v. Fleitas, Inc., La.App., 67 So.2d 345, decided by our predecessor court, holding that the document in that case was a written acknowledgment by the defendant corporation of its indebtedness to plaintiff and said that it had the effect of “substituting the ten year prescription for the prescription which would otherwise have been applicable as provided by Article 3538.” See also T. E. Mixon Lumber Company v. Boutte, supra, and cases therein cited. It is our opinion that defendant’s written *676 acknowledgment that the total amount due on April 5, 1958, changed the character of the indebtedness from an open account to a personal debt prescribed in ten years. Therefore, from the jurisprudence established by all the authorities, the correct prescriptive period to apply to plaintiff’s claim is the ten year period and not the three year limitation.
For the reasons assigned, the judgment maintaining the defendant’s plea of prescription is reversed and the case is remanded for further proceedings consistent with the views herein expressed. Costs of this appeal are to be paid by appellee, all other costs to await the final determination of the matter.
Reversed and remanded.