BOUTALL, Judge.
This suit arises from a dispute between plaintiff, John Tasker, and defendant, Resolute Insurance Company, as to the payment to be made under a policy of collision insurance covering plaintiff’s automobile. The trial court found the policy to be in effect and granted plaintiff judgment for the total loss of his car, however, it deducted the amount of $141.00 as additional premiums owed by plaintiff. Tasker has appealed this judgment.
Initially, plaintiff sued for the value of his car, the loss of some tools contained in the trunk of his car and damages for wrongful seizure of his car. Defendant answered generally denying plaintiff’s allegations and further asserting that the policy was void because of willful fraud on the part of plaintiff in misrepresenting the risk to be covered by the policy,. and because plaintiff had violated a condition of the policy in not reporting the loss timely. We note at the outset that defendant continues to urge these defenses in brief to this court. These issues are not before us. The trial court found the policy to be in *638 effect and granted recovery under it; from this adverse judgment defendant has neither appealed nor answered plaintiff’s appeal.
The facts show that John Tasker borrowed some money from Sun Finance Company, and gave a mortgage on his automobile as security. As a condition for the loan Sun Finance required that Tasker obtain collision insurance on the car. Tas-ker obtained this insurance through Executive Insurance Agency, Inc. from Resolute ' Insurance Company. The policy was for one year commencing on September 28, 1972. The premium for the policy was $150.00. On March 13, 1973 John Griffen, Tasker’s son, was involved in an accident with the insured automobile. Several days later Tasker notified Sun Finance of the accident and Sun Finance later notified Resolute. An independent claims adjuster, Hillary Kline of Capeo Adjusters, Inc., was sent by Resolute to adjust Tasker’s claim.
After viewing the wrecked automobile and taking into account previous damage, Kline concluded that the automobile was a total loss and appraised the value at $450.-00. From this he deducted the $50.00 deductible as per policy provisions, and agreed with Tasker to a $400.00 settlement. Kline then sent Tasker a Proof of Loss and Direction to Pay statement, a Bill of Sale for the automobile, a Cancellation Request on the policy and a Power of Attorney for the purpose of transferring title to the automobile. Tasker signed all these documents and returned them to Resolute.
Following these transactions Kline had the automobile towed to a salvage yard. Resolute then discovered that John Griffen was a minor and the policy rate was based on no operations by persons subject to a higher rate. It then informed Tasker that it would not pay his claim until he paid an additional premium of $141.00 to cover his minor son. Tasker refused to pay this premium, and Resolute tendered a check of $259.00 for his claim. This figure is the difference between the $400.00 value in the Proof of Loss statement and the additional premium of $141.00. Tasker also refused this tender and brought suit 'for the full value of his car, tools which he alleges were in the trunk of the car when Kline had the car towed away, damages for wrongful taking, and for penalties and attorney’s fees for nonpayment of policy benefits.
The issues before this court are: 1) Is Tasker entitled to the $400.00 valuation of his automobile? 2) Is Resolute entitled to a credit of $141.00 for an additional premium? 3) Is Tasker entitled to damages, penalties and attorney’s fees ?
The trial court found that Tasker was entitled to the $400.00 under the terms of the policy and we agree. The case of McCarter v. National Union Fire Ins. Co. of Pittsburgh, 147 So.2d 104 (La.App. 2nd Cir. 1962) held that an agreement as to the value of the loss sustained by the insured forms an independent contract apart from the policy, but, flowing from it. The Proof of Loss and Direction to Pay statement signed by Tasker and witnessed by Kline evidences such an agreement.[1] There remained nothing further to be agreed upon and only payment of the agreed figure was left to be accomplished.
 The trial court found that Resolute was entitled to the extra premiums of $141.00; we cannot agree. The record does not support this figure as the true amount owing. Mr. Marshall Smith of the Executive Insurance Agency, Inc. testified that had John Griffen been named as a driver on the insurance application then the policy price would have been $291.00. *639 This figure is the $150.00 Tasker paid, plus the disputed additional $141.00 premium. This premium would be for the entire expected life of the policy, one year. The policy was cancelled by Tasker effective March 14, 1973 when the policy still had over six months to run. Therefore the $141.00 is unproven for two reasons. First, it appears to be a yearly premium for a minor driver, when in fact the policy was only in effect six months. Secondly, Tasker requested that the unearned premiums on the policy be returned to him. There is no evidence that these monies were returned. Therefore, it appears that Tasker is entitled to a refund on part of his paid premium and Resolute is entitled to only a part of the additional premium.
The policy provides that upon cancellation by the insured a refund of premiums is due in accordance with the short rate table provided in the policy. Tasker’s policy was in force 167 days. Therefore Resolute earned 56% of the $150.00 paid premium, or $84.00, and Tasker was due a refund of his paid premium in the amount of $66.00. On the other hand, Resolute earned in premiums 56% of the additional yearly premium of $141.00 or $78.96.- Offsetting these two figures, Resolute is due $12.96 in earned premiums.
The final issues are loss of tools, damages, penalties and attorney’s fees. First, we do not feel the record supports a recovery for the loss of tools. The trial court found little evidence of this, dismissed that part of plaintiff’s cause and we must agree. Second, the seizure of the automobile was done in accord with the agreement reached between Kline and Tasker. Tas-ker fully expected the automobile to be towed away since he signed a Bill of Sale, transferring the car to Resolute.
Finally, does-the fact that Resolute did not pay the claim within 60 days give rise to penalties and attorney’s fees under LSA R.S. 22:658? This statute does not impose the penalties if the insurer had a bona fide reason for not paying the claim within 60 days. Resolute made a tender of $259.00 within the 60 day period. The remaining $141.00 has never been tendered, however, we feel that the dispute about this amount was not arbitrary, capricious or without cause. Resolute failed to prove by a preponderance of the evidence that it was due the $141.00 extra amount, yet the record does show they were due $12.96. For this reason penalties and attorney’s fees are not proper in this case.
For the foregoing reasons we amend the judgment appealed from to increase John Tasker’s award from $259.00 to $387.04, together with legal interest from date of judicial demand. In all other respects the judgment of the trial court is affirmed. Defendant, Resolute Insurance Company, is to pay all costs.

Amended and affirmed.

. The copy of the document in evidence contains writing which shows that Resolute deducted $141.00 from the agreed upon $400.00. All parties agreed that Tasker did not sign the document with the deduction on it, but that this was written in later by Resolute.