344 So.2d 117 (1977)
A. L. ROPER, Plaintiff-Appellant,
v.
J. B. NEWMAN, Defendant-Appellee.
No. 13189.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
Meadors, Atkins & Meadors by George H. Meadors, Homer, for appellant.
Joe Rolfe White, Bastrop, for appellee.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
Plaintiff filed a petition entitled "Petition For Amounts Due On Purchase Price for Horses and For Money Lent." Defendant filed a plea of liberative prescription which was sustained by the trial court. We hold that the action was barred by the prescription of five years under LSA-C.C. Art. 3540, and, accordingly, affirm.
*118 The facts were stipulated and are not in dispute. At various times between 1961 and 1963, plaintiff sold horses or loaned money to defendant. At the time of each of the transactions, defendant issued a check to plaintiff for the amount of the purchase price or the amount of money loaned. The 19 checks total $64,650. Defendant made no verbal or written acknowledgment of the debts after the transactions were consummated. Plaintiff did not attempt to cash these checks until 1970, at which time the drawee bank refused to honor the checks due to the length of time they had been held by plaintiff. Plaintiff filed this suit in September, 1970.
The trial court held that the suit was filed on the checks and, consequently, barred by LSA-C.C. Art. 3540's five year prescription. Alternatively, it held that if the suit was filed on the underlying obligations, it was subject to the three year prescription of LSA-C.C. Art. 3538. The court, therefore, sustained defendant's plea of prescription.
Plaintiff concedes that the liberative prescription of three years provided by LSA-C.C. Art. 3538 is applicable to suits on account or for money loaned. Plaintiff also concedes that the liberative prescription of five years provided by LSA-C.C. Art. 3540 is applicable to suits on checks or bills of exchange.
It is plaintiff's position, however, that the signing of the checks by defendant to the order of the plaintiff constituted written acknowledgments of defendant's debts to plaintiff, that the prescriptive period provided by Article 3538 ceased to be applicable, and that the action filed by plaintiff should be classified as a personal action governed by the ten year prescriptive period provided in LSA-C.C. Art. 3544.
The last paragraph of Article 3538 provides that the three year prescription "ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced." The effect of the "ceasing" of the three years prescription is explained in White Bros. Co. v. Shinn, 160 So. 823 (La.App. Orl.Cir. 1935):
"There is a difference between the interruption of prescription and the substitution of a new or different prescription. Where there is interruption, the same or original prescriptive period still applies and merely begins to run again from the date of the interruption. But, where there is an acknowledgment of an account in writing, an entirely new prescription is introduced, depending upon the nature of the writing; that is, whether it be merely a written acknowledgment, in which case the ten years' prescription applies, or a promissory note, in which case the five years' prescription would apply."
Article 3538 does not mandate the substitution of any particular prescriptive period when the three year prescription ceases. The other articles of the Civil Code determine the length of the new or substituted prescriptive period. The substituted prescriptive period depends on the nature of the substituted obligation.
If the substituted obligation is based on a written acknowledgment of a nonspecific nature, then the prescription applicable to personal actions generally governs, that is, the prescription of ten years under Article 3544, which provides: "In general, all personal actions, except those before enumerated, are prescribed by ten years." If the substituted obligation is a check or a note, then the prescription of five years under Article 3540 applicable to actions on checks or notes governs. Actions on checks or notes are among those "before enumerated" and Article 3544 is not, therefore, applicable.
In M. H. Nahigian, Inc. v. Haddad, 205 La. 1009, 18 So.2d 598 (1944), the court rejected the same argument as made by plaintiff in the instant case and applied the five year prescriptive period of Article 3540 to an action on a note given in payment or as evidence of an indebtedness on an account. The holding of the Haddad case is applicable to the action on the checks in the instant case.
*119 Plaintiff cites and relies on several cases holding that where there is a written acknowledgment of an account an action thereon is governed by the ten year prescription of Article 3544. Harman & Stringfellow v. LeGrande, 151 La. 253, 91 So. 726 (1922); Victory Gravel Company v. Dyer, 17 La.App. 123, 134 So. 701 (La.App. 2d Cir. 1931); White Bros. Co. v. Shinn, supra; Ragas v. Mistich, 223 So.2d 674 (La.App. 4th Cir. 1969); and T. E. Mixon Lumber Company v. Boutte, 191 So.2d 165 (La.App. 3d Cir. 1966).
Each of the cited cases is distinguishable. White Bros, and Ragas involved written acknowledgments, not checks or notes. Harman & Stringfellow involved a note, and insofar as the maker had authority to execute the note for the preexisting indebtedness, the five year prescription was applied. The signing of the note was considered a written acknowledgment, subject to ten year prescription only to the extent and in the amount for which the maker lacked authority to execute an enforceable note on behalf of others. The Harman & Stringfellow case was carefully analyzed and distinguished in the Haddad case. Victory involved a check, but the holding was that the issuance of the check, in connection with a compromise settlement of an account, interrupted (as distinguished from "ceased") prescription on the account. Mixon Lumber Company, particularly relied on by plaintiff, is distinguishable in several respects. The check involved was issued by a third partynot the debtor who owed the account. Later, in another suit, the creditor was required to pay the amount of the check back to the issuer because the check was drawn in error. The creditor sued the debtor on the old account, and the court held the debtor's endorsement of the check and delivery to the creditor amounted to a written acknowledgment and applied the ten year prescription. The creditor's suit was not, as in this case, a suit on a check.
Plaintiff's action on the checks drawn in connection with the sales and loans more than five years prior to filing suit is barred by prescription of five years under Article 3540.
The judgment of the district court is affirmed at appellant's costs.
Affirmed.