346 So.2d 790 (1977)
Reginald JONES, Jr., et al., Plaintiffs-Appellants.
v.
Dewey W. BUTLER et al., Defendants-Appellees.
No. 11212.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
Joseph A. Gladney, Baton Rouge, of counsel, for plaintiff Reginald Jones et al., appellants.
*791 J. Huntington Odom, Baton Rouge, of counsel, for defendant Dewey W. Butler et al., appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
This is a suit for money loaned to the defendants by Mrs. H. E. Moise. Plaintiffs, as the heirs and legatees of Mrs. Moise, appeal from a judgment sustaining defendants' peremptory exception of prescription. We reverse.
The issue here presented is whether the applicable prescriptive period is three years under C.C. Art. 3538 or ten years under C.C. Art. 3544. The facts are not in dispute.
On January 10, 1967, Mrs. Moise issued a check to Dewey W. Butler in the amount of $2,000.00. On the face of the check is contained the notation "loan." On the same date, Mr. Butler and his wife, Marjorie M. Butler, signed the following:
 "1/10/67
 "To whom it may concern:
This is to acknowledge receipt of a $2,000.00 loan from Mr. and Mrs. H. E. Moise, this date, to be made as down payment on house to be purchased by the undersigned. Terms of loan will be established at a later date to the satisfaction of the lender.

 Dewey W. Butler
 Marjorie M. Butler"
Suit was instituted on September 16, 1975.
Defendants' plea of prescription is based on C.C. Art. 3538, which, in pertinent part, provides:
"Art. 3538. The following actions are prescribed by three years:
"That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
"That for the payment of money lent.
"* * *
"This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced."
Plaintiffs contend that the above instrument of January 10, 1967, constitutes a written acknowledgement of the debt and renders applicable the ten year prescriptive period found in C.C. Art. 3544, which states:
"Art. 3544. In general, all personal actions, except those before enumerated, are prescribed by ten years."
In finding for the defendants, the trial judge, in his written reasons for judgment, stated:
"The exception of prescription will be sustained and plaintiffs' suit dismissed at plaintiffs' costs for the reasons that the document labeled as P-2 is not an acknowledgment of a pre-existing debt but part of a single loan transaction. Consequently, the instrument (P-2) is simply additional evidence or proof that money was loaned to defendants. The instruments were obviously executed simultaneously on January 10, 1967, and form part of a single transaction.
Assuming that P-2 be found to constitute a subsequent acknowledgment of the debt, this Court finds that the result would at best be an interruption of prescription and not a conversion of the action to a personal one as in the case of an open account.
* * *"
We find that the district judge erred as a matter of law in failing to accord to the instrument of January 10, 1967, above, the legal effect to which it is entitled.
Before addressing ourselves to the issue at hand we think it appropriate to discuss in general terms certain underlying principals pertaining to liberative prescription. C.C. Art. 3457 aptly states that: "Prescription is a manner of . . . discharging debts, by the effect of time, and under the conditions regulated by law." It is a peremptory and perpetual bar to every species of action, real or personal, when the creditor has been silent for a certain time without urging his claim. C.C. Arts. 3459, 3528.
*792 The Civil Code then proceeds to classify debts and/or "species of action" and to ascribe the appropriate time in which a creditor must urge his claim. C.C. Arts. 3534, 3536 (one year); C.C. Art. 3538 (three years); C.C. Arts. 3540, 3542 (five years); and C.C. Arts. 3544-3547 (ten years). The classification of a particular action, debt or claim, and the assignment of a specified prescriptive period are based on public policy considerations. Civil Law Translations, Baudry-Lacantinerie & Tissier, Prescription § 318-315.
With respect to the shorter prescriptive period, its justification and role, Planiol explains:
"When the creditor remains too long without acting, the law takes away his action. The reason for the liberative prescription is to prevent suits difficult of adjudication. In the interest of order and social peace, it is desirable to liquidate the past to avoid contests on contracts or acts as to which the titles are lost or the memory is gone. The reason for prescription in the matter of credits is therefore about the same as in the matter of property; but its role is different: while in the matter of real rights, prescription is sometimes liberative and sometimes acquisitive; in the matter of credits it never functions except as a means of extinction." (footnote omitted) Planiol, Civil Law Treatise, Vol. 2, part 1,§ 630.
Writing on the concept of prescription, Aubry & Rau state:
"Nevertheless it is said that prescription is based on the general interest of parties in not being exposed to an action which, if well founded, should have been brought a long time before. It may become difficult or even impossible to establish by proof that the action is well founded or to show that it is not well founded. * * *" Civil Law Translations, Aubry & RauPrescription, § 771.
Our appreciation of the above principals leads us to conclude that those species of actions wherein a prescriptive period is relatively short contemplate that the obligation was incurred with a minimum of formality and accordingly, a correspondingly sparcity of proof when a dispute arises as to satisfaction. Stated another way, the transactions therein contemplated are oral and cover the general broad spectrum of everyday encounters between those furnishing goods and services on the one hand (creditor) and the purchaser (debtor) on the other hand. Davis v. Houren, 10 Rob. 402 (1845). This we find particularly true with respect to C.C. Art. 3538 and the transactions therein enumerated. If it were otherwise, the last paragraph of the article relating to "an account acknowledged in writing" is superfluous.
We think the true intent of the redactors of the Code and the real sense of the article (3538) is that when an oral obligation is incurred encompassing a type of action described in the article and that obligation is acknowledged in writing, the character of the action is changed and it becomes a personal action under the general article (3544). The prescriptive period is transposed from that of three years (3538) to that of ten years (3544).
"The traditional system of French law on this point may be summarized thus: the credit is prescribable by two different delays, the one very short, if nothing happens during its duration which nullifies the legal presumption of payment; the other very long, if there has been an acknowledgment or a suit filed before the expiration of the first. One can therefore say that in such a case the interrupting act interrupts, not only the course of the prescription, but that it also produces a veritable inversion in the nature of the prescription, since the prescription applicable after the interruptive act is not the same which was applicable before. Planiol Civil Law Treatise, Vol. 2, part 1§ 675. (Emphasis ours)
We find our jurisprudence to be in accord with this view.
C.C. Art. 3538 (formerly Art. 3503, C.C. of 1825) was amended by Act 78 of 1888, which amendment required that the acknowledgment be in writing. Prior to the *793 amendment the courts held that a verbal acknowledgment was sufficient to replace the prescription of three years with that of ten years. James v. Fellowes & Co., 20 La.Ann. 116 (1868). Even in the case of a written acknowledgment, the issue was not treated as one of interruption but rather as an inversion of prescription. Davis v. Houren, above; Dixon v. Lyons, 13 La.Ann. 160 (1858); Blanchin & Giraud v. C. C. Pickett, 21 La.Ann. 680 (1869).
In Henry Block Co. v. Papania, 121 La. 683, 46 So. 694 (1908), the court was first called upon to interpret the significance of Act 78 of 1888 wherein the acknowledgment was required to be in writing. The court rejected the argument that an acknowledgment must be in writing to interrupt prescription. After a review of the prior jurisprudence, the court held that the Act of 1888 was not intended to preclude the verbal acknowledgment from interrupting the prescription of three years but was intended to preclude the verbal acknowledgment from substituting the longer prescription of ten years. See 14 Tul.L.Rev. 430, 431.
This view has been consistently followed in cases involving open accounts. Harman & Stringfellow v. Legrande, 151 La. 253, 91 So. 726 (1922); W. T. Rawleigh v. Thrasher, 153 So. 719 (La.App. 2nd Cir. 1934); White Brothers Co., Inc. v. Shinn, 160 So. 823 (Orl.La.App.1935); Puritan Chemical Co. v. Vernon Parish Police Jury, 178 So. 888 (La. App. 1st Cir. 1938); T. E. Mixon Lumber Co. v. Boutte, 191 So. 2d 165 (La.App. 3rd Cir. 1966); and Ragas v. Mistich, 223 So.2d 674 (La.App. 4th Cir. 1969).
The theory of inversion of prescription, however, has not been limited to open accounts. In Hotard v. Fleitas, Inc., 67 So.2d 345 (Orl.La.App.1953, writs denied Nov. 9, 1953), plaintiff's claim was for services rendered to the corporate defendant. In rejecting the plea of three year prescription and refusing to limit the import of the above cited authorities to "accounts for goods sold", the court stated:
"Lest it be thought that the provision found in the last paragraph of Article 3538 has reference only to claims which are based on accounts for goods sold, we direct attention to the fact that the proviso is found not immediately following those paragraphs in Article 3538 in which are listed `accounts of merchants' and `accounts of retailers', but is found at the end of that article with the necessary result, we think, that it has application to all of the claims listed in the article. This was the view of our Brothers of the Second Circuit as set forth in the case of Dubose v. Bosworth, Gunby's Decisions (2 Cir. 1885) p. 39, wherein it was said that `all the debts mentioned in C.C. 3538 are treated as open accounts * * *.'"
We agree with this statement and see no justification to hold otherwise.
We now turn to the written instrument of January 10, 1967, above. The trial judge fell into error when he treated this acknowledgment exclusively as an act of interruption rather than one changing the basic character of the obligation. Its legal effect as an acknowledgment in writing is not diminished because it constituted a part of a "single loan transaction."
Defendants argue that the instrument is a "mere receipt" for the money advanced and does not constitute a contract between the parties so as to bring the obligation therein incurred within the purview of C.C. Art. 3544. Erdal v. Erdal, 224 So.2d 544 (La.App. 4th Cir. 1969); writs refused, 254 La. 815, 227 So.2d 147 (1969). This contention must be rejected.
A mere receipt has been held to have inverted the prescriptive period. Davis v. Houren, above. However, we do not choose to rest our decision on this basis alone for we are satisfied that the subject instrument is more than a mere receipt. The last sentence thereof clearly indicates that the terms of the loan were to be "established at a later date" albeit "to the satisfaction of the lender."
Lastly, defendants argue that in the event the debt is not considered subject to the prescription of three years, then the instrument in question is a note and is *794 prescribed in five years under C.C. Art. 3540. DeRouin v. Hinphy, 209 So.2d 352 (La.App. 4th Cir. 1968); writs refused, 252 La. 465, 211 So.2d 330 (1968). This contention must also be rejected. Again, the last sentence of the acknowledgment, to wit: "Terms of loan will be established at a later date to the satisfaction of the lender." is significant. For an instrument to be considered a note (negotiable or otherwise), it must be payable on demand or at a fixed or determinable future time. R.S. 7:126, 184, now repealed but with similar provisions contained in R.S. 10:3-104.
Accordingly, for the above and foregoing reasons, the judgment of the district court sustaining the defendants' peremptory exception of prescription is reversed and set aside and this matter is remanded for trial on the merits. All costs of this appeal are assessed against defendants. All other costs are to await final disposition.
REVERSED AND REMANDED.