FORET, Judge.
This is a suit for the repayment of money advanced brought by the Department of Transportation and Development, hereinafter referred to as the Department. The City of Pineville was named defendant in this suit.
On May 12,1969, the Honorable Floyd W. Smith, Jr., the Mayor of Pineville, signed a contract with the Louisiana Department of Highways whereby the Department agreed to advance to the City sufficient funds to relocate existing water lines in connection with the widening and improvement of Louisiana Highway 28 East. The Mayor was authorized to enter into this agreement by a resolution of the Council of the City of Pineville dated April 1, 1969. After the agreement was signed, the State advanced a total of $88,864.86 to the City between June, 1969, and August, 1970. The City was to repay the Department this amount in three equal and successive installments due on April 1, 1970, and on the same date in 1971 and 1972, according to the terms of the agreement.
The City failed to pay the first installment when it became due. Consequently, the Department filed suit on February 1, 1971, in an attempt to collect that payment which amounted to $29,621.00. A motion to dismiss this suit without prejudice filed by the plaintiff was granted by the trial court on June 4, 1973.
Subsequently, the Department filed this suit seeking the repayment of the entire *229 amount owed to it by the City on August 6, 1976. The City filed peremptory exceptions of no right and/or no cause of action and prescription on November 4, 1976. The trial court held a hearing on these exceptions and rendered judgment on January 10, 1980, sustaining defendant’s exception of prescription. It is from this ruling of the trial court that the plaintiff brings this appeal.
The sole issue presented on appeal is whether the trial court erred as a matter of law in holding that the prescriptive period applicable was that of three years under LSA-C.C. Article 3538[1] instead of ten years under LSA-C.C. Article 3544.[2]
Appellant alleges that there was a written acknowledgment of the debt owed to it by the appellee. There are three documents which appellant argues constituted a written acknowledgment. Two of these documents are letters dated March 23,1972, and April 6, 1972. They are addressed to the Assistant General Counsel of the Department, Mr. Robert J. Jones, and were sent by the Honorable Fred H. Baden, May- or of the City of Pineville.
Appellee contends that this Court cannot consider these letters on appeal inasmuch as they were never properly introduced into evidence in these proceedings even though they appeared in the record which the clerk of the district court lodged with the clerk of this Court.
The letters were not part of the record when the trial court held a hearing on the defendant’s exception of prescription on July 9, 1979. The trial court asked the respective counsel to submit briefs of authority after the exception was argued. Appellant’s counsel mailed its brief of authorities to the trial court. The letters were attached to this brief as exhibits.
Appellee has raised a serious question as to whether this Court can properly consider these letters in making its decision. However, we need not consider these letters because of other evidence in the record which forms the basis for our decision herein. Therefore, we pretermit a discussion of this contention of the appellee.
We turn now to a consideration of the third document upon which appellant rests its argument that there has been a written acknowledgment of appellee’s debt. It is the agreement of the parties which reads as follows:
“AGREEMENT
This agreement between the Department of Highways of the State of Louisiana and the City of Pineville, executed upon the dates shown hereafter, represents that
WHEREAS, the Department of Highways of the State of Louisiana has under consideration a proposal to construct an improvement to State Route La 28, the Pine-ville-Libuse Highway, State Project 74-01-13, which is badly needed by the City of Pineville and its residents, and
WHEREAS, it is necessary that certain water lines, belonging to the City of Pine-ville and located within the right of way of *230 State Route La 28, be relocated to allow construction of the improvement to take place, and
WHEREAS, the City of Pineville has committed itself to remove and relocate these water lines whenever required by the Department of Highways at the expense of the City, and the City is obligated to meet its commitment, and
WHEREAS, the City of Pineville is not now financially able to bear its portion of the cost, estimated at approximately $82,-000.00, which the City must budget for future years, and
WHEREAS, the Department of Highways of the State of Louisiana has indicated that it is willing to advance the cost of the relocation of the water lines provided that it can rely upon full recompense within three years, and
WHEREAS, the Council of the City of Pineville has adopted a resolution, dated April 1, 1969, authorizing the Mayor of the City of Pineville to enter into this agreement,
It is agreed that the Department of Highways of the State of Louisiana will advance to the City of Pineville the sums necessary to accomplish the relocation of the City’s water lines to accommodate the construction of the Pineville-Libuse Highway, State Project 74-01-13, which amount is estimated at approximately $82,000.00, and
The City of Pineville agrees that commencing on April 1, 1970, it will repay to the Department of Highways one-third of the amount advanced for the relocation of the water lines, and that it will repay, to the Department of Highways, one-third of the amount, on the First day of April, 1971, and the final one-third on the First day of April, 1972, with interest at 6 per cent from maturity date, all such payments to be made to the Department of Highways at its office in Baton Rouge, Louisiana, and the Council of the City of Pineville agrees that it will include such sums in its annual budget for the next three fiscal years.
This said agreement executed in the City of Baton Rouge, Louisiana, by the Director of Highways of the State of Louisiana on this 9th day of April, 1969, and by the Mayor of the City of Pineville in the City of Pineville on this 12th day of May, 1969.”
[Signatures omitted by this Court.]
Appellee argues that this contract is the “original agreement” itself, and therefore, it cannot be an “acknowledgment” of the debt. It argues that if it can be considered an acknowledgment, then every time any transaction takes place which is listed under Article 3538, in which there is a writing, prescription is ten years and not three despite the plain language of that article. We disagree.
The agreement itself shows that the City of Pineville had a pre-existing obligation to relocate its water lines whenever required to do so by the Department. This obligation was recognized by the Council of the City of Pineville in a resolution passed on April 1, 1969, one and one-half months before the above agreement was signed. This resolution reads as follows:
“RESOLUTION
WHEREAS, the Department of Highways of the State of Louisiana has under consideration a proposal to construct an improvement to State Route La 28, the Pine-ville-Libuse Highway, State Project 74-01-13, which is badly needed by the City of Pineville and its residents, and
WHEREAS, it is necessary that certain water lines, belonging to the City of Pine-ville and located within the right of way of State Route La 28, be relocated to allow construction of the improvement to take place, and
WHEREAS, the City of Pineville has committed itself to remove and relocate these waterlines whenever required by the Department of Highways at the expense of the City, and the City is obligated to meet its commitment, and
WHEREAS, the City of Pineville is not now financially able to bear its portion of the cost, estimated at approximately $82,-000.00, which the City must budget for future years, and
*231 WHEREAS, the Department of Highways of the State of Louisiana has indicated that it is willing to advance the cost of the relocation of the waterlines provided that it can rely upon full recompense within three years,
THEREFORE BE IT RESOLVED BY THE COUNCIL OF THE CITY OF PINE-VILLE that it approves the proposed project of highway improvement on State Route La 28, that it accepts its obligation to pay the cost of waterline relocation, that it recognizes the need for the proposed improvement and that in order to induce the Department of Highways of the State of Louisiana to undertake the project and to proceed as quickly as possible the Council agrees for the City of Pineville that the City will pay to the Department of Highways the cost of relocating the water lines belonging to the City, located in the right of way of State Route La 28, which are to be removed to permit the construction of the highway improvement, upon being billed therefor by the Department in three annual equal installments, the first being due not less than one year from the date of this resolution, without interest if timely paid,
BE IT FURTHER RESOLVED that the Council of the City of Pineville agrees and commits itself to including in its annual budget for the next three fiscal years a sum not less than one-third of the estimated cost of relocating the water lines and dedicate this sum to the payment of the City’s obligation hereunder, and
BE IT FURTHER RESOLVED that the Mayor of Pineville, Honorable Floyd W. Smith, Jr., be and he is hereby authorized and directed to execute an agreement with the Department of Highways to carry out this resolution, upon the terms hereinabove set forth, which agreement shall be binding upon the City of Pineville and this resolution and the agreement shall not be subject to revocation by the Council nor its successors.
DATE: April 1. 1969”
[Signatures omitted by this Court.]
This document shows that the City had accepted the Department’s offer to advance the necessary funds for the relocation of the water lines. It is clearly stated that the purpose of the agreement to be signed in the future was to carry out this resolution.
Our brothers of the First Circuit rendered a well reasoned opinion on a problem similar to that with which we are confronted in Jones v. Butler, 346 So.2d 790 (La.App. 1 Cir. 1977).
The facts in that case were not in dispute. The plaintiffs’ action was for the repayment of money loaned to the defendants. Plaintiffs were the heirs and legatees of the lender. The decedent had issued a cheek to the defendants in the amount of $2,000.00. The word “loan” appeared on the face of the check. On the same date that the check was issued, defendants signed the following:
“1/10/67
“To whom it may concern:
This is to acknowledge receipt of a $2,000.00 loan from Mr. and Mrs. H. E. Moise, this date, to be made as down payment on house to be purchased by the undersigned. Terms of loan will be established at a later date to the satisfaction of the lender.
Dewey W. Butler
Marjorie M. Butler”
Defendants met plaintiffs’ demand with the peremptory exception of prescription. Defendants’ plea was based on LSA-C.C. Article 3538, which sets up a prescriptive period of three years for certain actions, among which is that for the payment of money lent.
Plaintiffs contended that the signed instrument reproduced above constituted a written acknowledgment of the debt which made the ten-year prescriptive period of LSA-C.C. Article 3544 applicable.
The trial court sustained defendants’ exception of prescription and dismissed plaintiffs’ suit. The trial judge felt that the instrument was not an acknowledgment of a pre-existing debt but part of what he termed a “single loan transaction”. He *232 found that the instrument had been executed simultaneously and constituted a single transaction. The trial court was reversed by our brothers of the First Circuit. We take the liberty of quoting from their opinion at page 792:
“With respect to the shorter prescriptive period, its justification and role, Pla-ñid explains:
“When the creditor remains too long without acting, the law takes away his action. The reason for the liberative prescription is to prevent suits difficult of adjudication. In the interest of order and social peace, it is desirable to liquidate the past to avoid contests on contracts or acts as to which the titles are lost or the memory is gone. The reason for prescription in the matter of credits is therefore about the same as in the matter of property; but its role is different: while in the matter of real rights, prescription is sometimes libera-tive and sometimes acquisitive; in the matter of credits it never functions except as a means of extinction.” (footnote omitted) Plañid, Civil Law Treatise, Vol. 2, part 1, — § 630.
Writing on the concept of prescription, Aubry & Rau state:
“Nevertheless it is said that prescription is based on the general interest of parties in not being exposed to an action which, if well founded, should have been brought a long time before. It may become difficult or even impossible to establish by proof that the action is well founded or to show that it is not well founded. * * , Civil Law Translations, Aubry & Rau-Prescription, § 771.
Our appreciation of the above principals [sic] leads us to conclude that those species of actions wherein a prescriptive period is relatively short contemplate that the obligation was incurred with a minimum of formality and accordingly, a correspondingly sparcity of proof when a dispute arises as to satisfaction. Stated another way, the transactions therein contemplated are oral and cover the general broad spectrum of everyday encounters between those furnishing goods and services on the one hand (creditor) and the purchaser (debtor) on the other hand. Davis v. Houren, 10 Rob. 402 (1845). This we find particularly true with respect to C.C. Art. 3538 and the transactions therein enumerated. If it were otherwise, the last paragraph of the article relating to “an account acknowledged in writing” is superfluous.
We think the true intent of the redactors of the Code and the real sense of the article (3538) is that when an oral obligation is incurred encompassing a type of action described in the article and that obligation is acknowledged in writing, the character of the action is changed and it becomes a personal action under the general article (3544). The prescriptive period is transposed from that of three years (3538) to that of ten years (3544).
“The traditional system of French law on this point may be summarized thus: the credit is prescribable by two different delays, the one very short, if nothing happens during its duration which nullifies the legal presumption of payment; the other very long, if there has been an acknowledgment or a suit filed before the expiration of the first. One can therefore say that in such a case the interrupting act interrupts, not only the course of the prescription, but that it also produces a veritable inversion in the nature of the prescription, since the prescription applicable after the interruptive act is not the same which was applicable before. Planiol Civil Law Treatise, Vol. 2, part l-§ 675.” (Emphasis ours)
We find our jurisprudence to be in accord with this view.”
We agree with the above reasoning. We find that the agreement executed by the parties in this case constitutes a written acknowledgment of a debt.
The underlying reasons advanced by the Civil Law Commentators (quoted above) for a short prescriptive period in certain instances are:
*233 1. As stated by Planiol, supra,
“. .. it is desirable to liquidate the past to avoid contests on contracts or acts as to which the titles are lost or the memory is gone”;
2. As stated by Aubry & Rau, supra, “It may become difficult or even impossible to establish by proof that the action is well founded or to show that it is not well founded” [if the said action is not brought before a long period of time has elapsed].
In the case sub judice the agreement embodying the contract between the parties is in writing and is evidenced by the resolution of the City Council of Pineville dated April 1, 1969, and the subsequent agreement between the Director of Highways and the City of Pineville dated the 12th day of May, 1969. Thus, it is obvious that the issue of proving the obligation is a very simple one, and there is no paucity of evidence. Memories of the parties need not be relied upon for the simple reason that written and dated documentary proof of the agreement and of the amount of the indebtedness (Department checks issued to the City of Pineville) is readily available whether the matter be tried in three years or in ten years. Therefore, it is apparent that the underlying principles as mentioned by the Civil Law Commentators would not justify the application of the three-year prescriptive period in the ease before us.
Accordingly, for the above and foregoing reasons, the judgment of the trial court sustaining the defendant’s peremptory exception of prescription is reversed and set aside, and this matter is remanded for trial on the merits.
All costs of this appeal are assessed against defendant. All other costs are to await final disposition.

REVERSED AND REMANDED.

. Art. 3538. Actions prescribed by three years; discontinuance of prescription
Art. 3538. The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
That for the payment of money lent.
That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter.
That of physicians, surgeons and apothecaries for visits, operations and medicines.
That of parish recorders, sheriffs, clerks and attorneys for their fees and emoluments.
That on the accounts of merchants, whether selling for wholesale or retail.
That on the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart.
That on all other accounts.
This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced. (As amended by Acts 1888, No. 78)

. Art. 3544. Personal actions, general rule
Art. 3544. In general, all personal actions, except those before enumerated, are prescribed by ten years.