LeBLANC, Justice.
The dispositive issue in this suit for declaratory judgment is whether the ten year prescriptive period provided for personal actions in La.Civ.Code art. 3544[1] is applicable to the claims at issue herein.
In its written reasons for judgment, the trial court explained the background of this matter as follows:
This is a case involving the Uniform Disposition of Unclaimed Property Act, LSA-R.S. 9:151 et seq, and the defense of prescription against a claim by the State Department of Revenue that property is presumed abandoned. Plaintiffs [Louisiana Health Service and Indemnity Company] in this ease have remitted $320,559.51, of which they seek restitution, and further seek declaratory judg *1072 ment that certain property is not “presumed abandoned” under the statute.
Louisiana Health Service and Indemnity Company operates in Louisiana as “Blue Cross”, a Health and Accident Insurer. In its usual course of business Blue Cross handles claims and issues checks to health care providers and its own insureds as benefits. The checks to health care providers are generally promptly cashed while checks to individual insureds may occasionally remain outstanding for long periods of time.
The State Department of Revenue began an audit of Blue Cross in December of 1985 and founds (sic) funds which it considered “abandoned” under the statute. In 1986, the Department requested and Blue Cross paid $320,559.51, representing uncashed benefits checks from July 1, 1974, to June 30, 1978. Blue Cross seeks restitution of this amount as payment of a thing not due, alleging that their obligation to pay had prescribed before the funds could be statutorily considered abandoned. Blue Cross has also filed an annual report with' the Secretary of an additional $117,502.18 representing uncashed checks from July 1, 1978 to June 30, 1979. Blue Cross seeks declaratory judgment to the effect that their obligation to pay these funds has prescribed, and therefore the funds have not been abandoned.
The trial court was presented with opposing motions for summary judgment. Blue Cross’ motion sought the relief outlined above. Defendant, the Department of Revenue, sought summary judgment declaring the disputed funds were abandoned property and ordering Blue Cross to remit the additional sums of $117,502.18, representing unclaimed insurance proceeds for the period July 1, 1978 through June 30, 1979 and $319,871.37 for the period July 1, 1979 through June 30, 1981. Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 B.
After oral argument, the trial court denied Blue Cross’ motion for summary judgment. The Department of Revenue’s motion was granted in part and denied in part. The trial court rendered judgment declaring that “the prescriptive period of ten years is the only applicable prescriptive period which Plaintiff can raise against the state.”[2] However, the Department’s request that Blue Cross be ordered to remit further sums representing additional unclaimed insurance proceeds was denied. Blue Cross has appealed. The Louisiana Banker’s Association was permitted to file an amicus curiae brief in this appeal.
In order for funds to pass to the State as “abandoned” property under the Unclaimed Property Act, La.R.S. 9:151 et seq., the funds must have been payable and unclaimed for a period of at least seven years.[3] It is Blue Cross’ contention that the funds involved cannot be considered unclaimed for the requisite period because its obligation to pay these amounts to its insureds prescribed and ownership of the funds reverted to it prior to the passage of seven years. The Department of Revenue ■contests this assertion, arguing that the running of the relatively short contractual prescriptive period provided in the policies, which ranged from fifteen months to two years, was interrupted by the issuance of the checks and replaced by the ten year limitation applicable to personal actions. The trial court agreed with this contention.
The only prescriptive periods which could possibly be applicable in this case are the specific period provided in the policies, the five year period provided in La.Civ.C. art. 3540 (now 3498) for negotiable instruments or nonnegotiable notes; or the ten year period provided in La.Civ.C. art 3544 (now 3499) for personal actions. Blue Cross alleges that one or the other of the two first *1073 periods is applicable, while the Department contends the ten year period applies.[4]. If the Department is correct, it was entitled to summary judgment in its favor since the unclaimed funds would then have been due and owing by Blue Cross for a period in excess of seven years. However, if either of the other two periods applies, the trial court erred because it is uncontested that all of the unclaimed checks were issued more than five years ago. Accordingly, prescription would have expired on Blue Cross’ obligation regardless of whether the applicable period is five years, two years or less.
The parties do not dispute that the applicable prescriptive period originally was that provided in the policies. It is also not disputed that the issuance of the checks by Blue Cross was a written acknowledgement of its contractual obligation to pay which interrupted the running of prescription. Nor do the parties allege that there are any disputed issues of material fact. The disputed issue which is dispositive of this case is whether a ten year prescriptive period was applicable once prescription resumed following the interruption.
The trial court based its ruling on the theory that Blue Cross’ acknowledgment of its debt changed the nature of its obligation, so that the prescriptive period applicable after the interruption was not the same which was applicable before. The trial court relied on two cases which held that after interruption of the original prescriptive period by written acknowledgment, the ten year prescriptive period provided for personal actions in La.Civ.C. art. 3544 was applicable once prescription resumed. Jones v. Butler, 346 So.2d 790 (La.App. 1st Cir.1977), T.E. Mixon Lumber Company v. Boutte, 191 So.2d 165 (La.App.3d Cir.1966). These cases are distinguishable from the instant one.
In Jones and T.E. Mixon, the original prescriptive period was the three year limitation provided by La.Civ.Code art. 3538, which provided the limitation applicable to suits on loans and open accounts, the type of suits involved therein. In Jones, this Court discussed the basis of its holding that a written acknowledgment transformed the applicable prescriptive period from three years to ten years as follows:
[T]he transactions therein contemplated are oral and cover the general broad spectrum of everyday encounters between those furnishing goods and services on the one hand (creditor) and the purchaser (debtor) on the other hand. Davis v. Houren, 10 Rob. 402 (1845). This we find particularly true with respect to C.C. Art. 3538 and the transactions therein enumerated. If it were otherwise, the last paragraph of the article relating to “an account acknowledged in writing” is superfluous.
We think the true intent of the redactors of the Code and the real sense of the article (3538) is that when an oral obli gation is incurred encompassing a type of action described in the article and that obligation is 'acknowledged in writing, the character of the action is changed and it becomes a personal action under the general article (3544). The prescriptive period is transposed from that of three years (3538) to that of ten years (3544).
346 So.2d at 792 (emphasis added)
This rationale is not applicable in the instant case, which involved a written, not an oral contract. Accordingly, the trial court erred in analogizing this case to those cases falling under article 3538. Furthermore, even accepting for the sake of argument that the written acknowledgment changed the nature of the obligation, the “substituted prescriptive period depends on the nature” of the acknowledgment. Roper v. Newman, 344 So.2d 117, 118 (La. App.2d Cir.1977)
If ... based on a written acknowledgment of a nonspecific nature, then the prescription applicable to personal actions generally governs, that is, the prescription of ten years under Article 3544, *1074 which provides: “In general, all personal actions, except those before enumerated, are prescribed by ten years.” If the substituted obligation is a check or a note, then the prescription of five years under Article 3540 applicable to actions on checks or notes governs. Actions on checks or notes are among those “before enumerated” and Article 3544 is not, therefore, applicable.
In M.H. Nahigian, Inc. v. Haddad, 205 La. 1009., 18 So.2d 598 (1944), the court rejected the same argument as made by plaintiff in the instant case and applied the five year prescriptive period of Article 3540 to an action on a note given, in payment or as evidence of an indebtedness on an account. The holding of the Haddad case is applicable to the action on the checks in the instant case.
[H]arman & Stringfellow [v. Legrande], [151 La. 253, 91 So. 726 (1922) ] involved a note, and insofar as the maker had authority to execute the note for the preexisting indebtedness, the five year prescription was applied. The signing of the note was considered a written acknowledgment, subject to ten year prescription only to the extent and in the amount for which the maker lacked authority to execute an enforceable note on behalf of others. 344 So.2d at 118 and 119.
Accordingly, since the acknowledgment in this case was in the form of a negotiable instrument (check) rather than a written acknowledgment of a non-specific nature, the ten year limitation of La.Civ.C. art. 3544 (now C.C. art. 3499) does not apply.
The Department also argues that a ten year prescriptive period is applicable, although on a different basis than the trial court. The Department contends that the issuance of the checks by Blue Cross in itself created a new contract independent of Blue Cross' obligation under the insurance policies. They contend that the ten year limitation provided in La.Civ.C. art. 3544 (now C.C. art. 3499) is applicable because this new contract creates a personal action for the recovery of money. However, it is clear that the cases relied on by the Department as support for this argument involve situations unlike the present one. See, Tasker v. Resolute Insurance Company, 327 So.2d 636 (La.App. 4th Cir. 1976); McCarter v. National Union Fire Ins. Co. of Pittsburgh, 147 So.2d 104 (La. App.2d Cir.1962), writ refused, 243 La. 1007, 149 So.2d 764 (1963); Aycock v. Republic Insurance Company, 116 So.2d 317 (La.App.2d Cir.1959); Turner v. Bankers & Shippers Ins. Co. of New York, 187 So. 122 (La.App.Orleans 1939). These cases involve instances where an insurance adjuster negotiated with and actually reached an oral compromise with the claimant. There are no facts which even remotely suggest this occurred in the instant case. The mere fact that checks were issued, without any other specific facts, is clearly insufficient to raise a genuine issue on this point. Thus, this argument is without merit and the application of a ten year prescriptive period is not warranted.
Finally, since Blue Cross is entitled to judgment in its favor whether the correct prescriptive period is five years, two years or less, it is not necessary for this court to determine which of these periods is applicable. The judgment of the trial court must be reversed regardless of which period applies. Accordingly, judgment is hereby rendered in favor of Blue Cross declaring that the uncashed checks issued by it from 1974 through July 9, 1981 (five years prior to the effective date of the amendments to and reenactment of the unclaimed property act) are precluded by prescription from being considered abandoned property under former La.R.S. 9:160 et seq. It is further ordered that defendant, the Department of Revenue, return the sum of $320,559.51 to Blue Cross, representing the amount previously remitted to the Department by Blue Cross. The Department of Revenue is to pay the costs of appeal in the amount of $346.60.
REVERSED AND RENDERED.
CARTER, J., concurs in the result.

. All references to code articles and revised statutes are to those articles and statutes as they existed at the pertinent times herein. Many of these provisions have since been amended.

. At the time in question, La.R.S. 9:168 permitted the assertion of prescription against the State. However, La.R.S. 9:180 now precludes such an assertion.

. This act has now been amended to change this period to five years. La.R.S. 9:153 A.

. The Louisiana Bankers’ Association takes the position that the original prescriptive period provided in the policy does not change and is still applicable when prescription resumes after the interruption.